(68 South. 953)

No. 21371.

FENNER v. BOARD OF COM'RS OF RED RIVER, ATCHAFALAYA AND BAYOU BŒUF LEVEE DIST.

(June 11, 1915.)

*(Syllabus by the Court.)*

1. STATUTES ☜67 — LOCAL AND SPECIAL LAWS—LEVEE DISTRICTS.

Articles 48 and 50 of the Constitution, referring to local and special laws, do not include levee districts, which the General Assembly is authorized by articles 238 and 239 of the Constitution to create.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 69; Dec. Dig. ☜67.]

2. LEVEES ☜34—LEVEE DISTRICTS — ISSUANCE OF BONDS—CONSTITUTIONAL LAW.

Article 281 of the Constitution refers to municipal corporations, parishes, and school, drainage, subdrainage, road, subroad, navigation, and sewerage districts; and not to levee districts, which are provided for in articles 238 and 239 of the Constitution.

[Ed. Note.—For other cases, see Levees, Cent. Dig. § 19; Dec. Dig. ☜34.]

3. LEVEES ☜5 — LEVEE DISTRICTS — ESTABLISHMENT—CONSTITUTIONAL LAW.

Articles 238 and 239 of the Constitution, providing for the establishment and maintenance of levee districts throughout the state, and for appointment or election of boards of levee commissioners, embrace the matter of the drainage of such districts, in a limited way. The Legislature, state board of engineers, board of levee commissioners, and the evidence in the record declare that drainage is an essential part of a levee system.

[Ed. Note.—For other cases, see Levees, Cent. Dig. §§ 14, 15; Dec. Dig. ☜5.]

4. LEVEES ☜34 — LEVEE DISTRICTS — ISSUANCE OF BONDS.

But the Legislature may not authorize levee district commissioners or others to issue bonds for drainage purposes, in violation of the terms of article 281 of the Constitution.

[Ed. Note.—For other cases, see Levees, Cent. Dig. § 19; Dec. Dig. ☜34.]

5. LEVEES ☜34 — LEVEE DISTRICTS — ISSUANCE OF BONDS—CONSTITUTIONAL LAW.

The Legislature has the authority to authorize the issuance of bonds for the maintenance of levee systems in the several levee districts of the state, where the Constitution is silent on the subject. And such authority is ratified, and not forbidden, in the Constitution, in giving to the levee districts of the state the right to issue bonds in lieu of bonds outstanding or not yet disposed of, in order that they may negotiate to better advantage the portion or portions of the issues already authorized and not yet disposed of.

[Ed. Note.—For other cases, see Levees, Cent. Dig. § 19; Dec. Dig. ☜34.]

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman, Judge.

Action by Guy C. Fenner against the Board of Commissioners of Red River, Atchafalaya and Bayou Bœuf Levee District. From a judgment for defendant, plaintiff appeals. Reversed, with directions.

Howard B. Gist, of Alexandria, for appellant. John R. Hunter, Dist. Atty., of Alexandria, for appellee.

SOMMERVILLE, J. Plaintiff, a resident of, and taxpayer on real estate in, Alexandria, Avoyelles parish, and in the Red River, Atchafalaya and Bayou Bœuf levee district, seeks to enjoin the levee board of that district from carrying out Act No. 107, 1914, p. 217, which authorizes said board to issue bonds to the amount of $500,000, the proceeds of which are to be used for drainage and levee purposes within the limits of the district. Two hundred and fifty thousand dollars of the proceeds of the bonds are specifically to be used for drainage purposes, and $250,000 of said bonds are to be used for levee purposes.

The grounds of objection to the act are: (1) That, in providing for the issuance of bonds for drainage purposes, it violates article 281 of the Constitution of 1913; (2) that it violates article 239 of the Constitution, which only authorizes the issuance of bonds by levee districts in lieu of bonds already outstanding; (3) that it violates article 48 of the Constitution, which forbids the passing of

local laws extending the powers of corporations; and (4) that it violates article 50 of the Constitution in not having published a notice of intention to apply for its passage.

The case of plaintiff was set at issue by the filing of an answer by the defendant, in which some of the allegations contained in the petition were admitted, and others were denied. On the same day that the answer was filed the case was taken up, tried, and disposed of in the district court. Plaintiff did not offer any evidence on the trial, and his counsel did not cross-examine the witnesses for the defendant. The minutes of the court do not show that the case was argued, and the judgment in favor of defendant was rendered on that same day. Plaintiff, at once, took an appeal to the Supreme Court; but he has failed to make any appearance in this court, and there has been no argument, oral or written, in support of the appeal.

The case is of great public importance, because in it an attack is virtually made upon the constitutionality of many issues of bonds made by the several levee boards of the state; and the court will for that reason give the matter consideration.

[1] The last two points suggested by plaintiff, that the General Assembly violated articles 48 and 50 of the Constitution in passing Act No. 107, will be disposed of first. Those articles forbid the General Assembly to pass any local or special law on specified subjects, and that other local or special acts shall not be passed unless notice of the intention to apply for the passage thereof shall be published. The answer to these objections is found in article 239, which authorizes the General Assembly specially to divide the state into levee districts, and to provide for the appointment or election of levee commissioners in said districts. With this special authorization to the Legislature in the Constitution, it is unnecessary for the Legislature or the court to . decide whether the legislation is local or special in its nature.

Excelsior Plant Co. v. Green, 39 La. Ann. 457, 1 South. 873.

[2] The first objection raised is that the act, in providing for the issuance of bonds for drainage purposes, violates some of the provisions for the issuance of bonds embraced in article 281 of the Constitution; article 281 does not mention levee districts; and it is confined in its scope and reference to "municipal corporations, parishes and school, drainage, subdrainage, roads, subroads, navigation and sewerage districts." Therefore the law contained in article 281 has no application to levee districts, although it controls legislation referring to drainage.

Defendant does not contend that the terms of article 281 were attempted to be complied with in the law under consideration.

[3] It is argued that drainage is an inherent part of a levee system; and that the act in directing that drainage should be provided for in connection with levee construction and repairing is legal; and that that portion of the proceeds of the bonds, some $250,000, set apart by the Legislature for drainage purposes in the district, was therefore legally provided for under the terms of articles 238 and 239 of the Constitution.

The Constitution clearly provides different provisions of law with reference to bonds issued for levee construction and for drainage, in separate articles of the Constitution. And those provisions are not applicable to both improvements alike.

The right of the Legislature to authorize levee commissioners to issue bonds under the terms of articles 238 and 239 will be discussed later in this opinion.

In his petition, plaintiff alleges that Act No. 107 is unconstitutional for the reason that under section 2 of the act one-half of the proceeds of the bonds shall be used for drainage purposes; and that under articles 238 and 239 of the Constitution levee boards may issue bonds only for the construction or maintenance of levee systems.

In most of the acts of the Legislature establishing levee districts, to which the attention of the court has been called, there are contained provisions for drainage in connection with the building and maintaining of the levees of those districts. The Legislature appears to have given a uniform interpretation to the articles 238 and 239, authorizing the establishment of levee districts, and the right to levy taxes; and in issuing bonds, and using the proceeds thereof for the purposes of levee building and drainage jointly. If this interpretation should be found to be erroneous, the issues of several million dollars worth of levee bonds will be found to be invalid.

The interpretation of the Legislature on the matter has been sanctioned by the court; although the point is now presented for decision for the first time, we think. Levee building and drainage of levee districts are joint objects; and they form parts of a system of levee building according to the uniformly accepted theory of levee building by the Legislature, the state engineers, and the levee boards of the state.

Maj. F. M. Kerr, chief state engineer of Louisiana, Gervais Lombard, a member of the state board of engineers, and I. W. Sylvester, a civil engineer, appeared as witnesses on behalf of defendant in this cause, and they testified, in substance, on this point: That it had been found imperative to open artificial drains in order to properly drain the levees already constructed; that the Red River, Atchafalaya and Bayou Bœuf levee district constitutes a basin, with numerous streams and bayous traversing it in all directions; that the Atchafalaya, Red River, and Bayou Des Glaize sometimes overflow the country to a great extent, and that at other times, when the Red River is low, they constitute outlets from that basin, not only to return the overflow waters, but also to drain the country from precipitation that has occurred over that area; that levees became necessary to protect the country from the main streams, and that these lines of levees should be continuous from upper end to lower end, and, in order to maintain them continuous, the inlets and outlets have to be closed; that in doing this a congestion of precipitation or rainwater has been caused in the basin itself, and the only means of relief from this, which was only secondary in its damages to that of the overflow, was to restore drainage in the basin by artificial means; that restoration of drainage by artificial means was not only good for that section of the country, but it was also necessary to insure the integrity of the levee system itself; that, if the water was allowed to pond up and remain, it would rise against the levees or wherever it would strike, and to such an extent as to saturate them and impair their efficiency; so that, not from the point of view of relieving people from damage from precipitation, but for maintaining a levee system, it became necessary to have these artificial drainage systems; that the reopening of these artificial drainage canals is a logical and essential feature of the construction and maintenance of a comprehensive line of levees to protect the basins from overflow; that it would not be possible to maintain the levee system in the district without drainage canals; that the construction of levees would be working an injustice and hardship, and would be absolutely uncalled for, unless the drainage work was done in conjunction with it; that the expenditure of funds by the levee board for drainage purposes is properly chargeable as a levee project; that it is very necessary that $250,000 should be expended in the district now under consideration for drainage purposes; that it is as essential as is the money that has been directly spent in the building of levees; that the drainage work being done by the defendant levee district cannot be classed as reclamation work; that drainage is a factor as essential to the maintenance

of the levee as the placing of the earth work in the embankments themselves; that the opening of these arteries of drainage is an act of resistance, and a necessary agent in preserving the integrity of the levee lines; that there would be a revolution in this country against levees, unless provision was made for drainage in connection with the construction of them; that the levee work would not serve the purposes for which it is intended, unless the arteries for drainage were opened contemporaneously with it; that the purpose of the levee is to prevent overflow; that levees against overflow from the main streams, with impounded rainwater on the territory or land occupied by the district overflowed by it, would accomplish no purpose in the end; that $3,250,000 have been spent for levee construction and drainage in the district, and that a great number of outlets from the basin properly affording relief from precipitation have been closed by the extension of the levee system; that, if artificial arteries of drainage had not been provided for, the several subdivisions of the basins would be inundated to such an extent as to render them uninhabitable, and that the levee lines themselves would have been so seriously injured as not to permit dependence upon them; that, as a general proposition, these artificial or substituted canals for drainage have proven adequate, with some exceptions; that the money appropriated for drainage in this district is to be used by enlarging some of these canals, and in adding other arteries or laterals; that laterals are needed more than main reservoirs; that earthwork and drainage are both necessary to protect the territory from overflow, with the earthwork coming first in importance, and the drainage next.

With this uncontradicted evidence before the court, we are constrained to concur in the interpretation adopted by the Legislature of articles 238 and 239 of the Constitution, which direct that a levee system shall be maintained in the state by taxation, and that the General Assembly may divide the state into levee districts, and provide for the election or appointment of levee commissioners, who shall have supervision of the erection, repair, and maintenance of the levees in said district; and hold that it is a correct interpretation; and, as such, that it is binding upon plaintiff and the court.

[4] But, in so holding, the action of the Legislature in Act 107, 1914, cannot be approved in directing that "two hundred and fifty thousand dollars of the proceeds of said bonds be used for drainage purposes" in the levee district named, without enforcing a compliance with the terms of article 281 relative to the issuance of bonds for drainage purposes.

The act directly appropriates $250,000 for drainage in the levee district, and the levee district commissioners cannot use it for levee construction or for any other purpose. It may be necessary, as was testified to, to use this amount in connection with the building of the levees in the district; but the act does not so limit it. The entire amount is ordered to "be used for drainage purposes," and this without complying with the law which directs how bonds may be issued for constructing a system of drainage.

In thus ordering levee district commissioners to issue bonds "the proceeds of the sale of" which "shall be applied to drainage," the Legislature has violated article 281 of the Constitution.

The act is therefore null in so far as it authorizes the board of commissioners of the Red River, Atchafalaya and Bayou Bœuf levee district to issue bonds, and directs that "two hundred and fifty thousand dollars of the proceeds of said bonds be used for drainage purposes."

[5] The last objection urged by plaintiff is that the act violates article 239 of the Constitution, which only authorizes the issuance of bonds by levee districts in lieu of bonds

already outstanding. The sentence of the article 239 referred to is:

"The several levee districts of the state, for the purpose of refunding the bonds heretofore issued by them under authority granted by the Legislature, and in order that they may negotiate to better advantage that portion of their authorized issue of bonds not yet disposed of, may issue bonds in lieu of said bonds outstanding or not yet disposed of."

The proposition of plaintiff appears to be that, the Constitution having authorized the issuance of bonds by levee districts for the purpose of refunding bonds already issued, under authority of the Legislature, the Legislature has no right to authorize the issuance of other bonds in the future.

As the Constitution does not restrict the Legislature in this matter, the Legislature is authorized to do what seems to be best in the premises.

There does not appear to have been any authorization in the Constitution to the Legislature at any time to grant to levee districts and boards the right to issue bonds, but the Legislature has long exercised this right, and the court has recognized its right to do so. Excelsior Plant Co. v. Green, 39 La. Ann. 457, 1 South. 873; Munson v. Board, 43 La. Ann. 15, 32, 8 South. 906.

The provision quoted above appears to be an amendment to articles 213 and 214 of the Constitution of 1879, and it is in the nature of a ratification of the exercise of the authority given by the Legislature to levee boards to issue bonds. Its primary and evident object was to enable the various levee boards to refund and negotiate to better advantage those portions of their authorized issues then outstanding; and it made no reference, and it has no reference, to bonds to be issued for levee construction. The issuance of bonds by said boards was left to the discretion of the Legislature. This view has been adopted by the Legislature in the passing of several statutes authorizing the issuance of bonds by levee districts for levee construction since the amendment was adopted.

The Constitution has directed that a levee system shall be maintained in this state; and that the General Assembly shall give the levee commissioners for the several levee districts of the state the supervision of the erection, repair, and maintenance of the levees in said district, in the method and manner provided by law.

The Legislature has therefore the right, under articles 238 and 239, to adopt laws for the construction and maintenance of levee systems in levee districts of this state which will protect the homes and property of the people from overflow, without reference to article 281; and to permit drainage, in so far as drainage is essential for the construction and maintenance of the levee systems; and to authorize levee district commissioners to issue bonds for the purpose. But the Legislature is prohibited from authorizing the issuance of bonds for drainage purposes without complying with the law contained in article 281 of the Constitution.

The objections urged by plaintiff in his petition to the validity and constitutionality of Act No. 107 have been partially sustained, and the petition for an injunction against defendant was improperly refused.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed, and that the preliminary injunction issued herein be reinstated and perpetuated, inhibiting and restraining the board of commissioners of the Red River, Atchafalaya and Bayou Bœuf levee district, and its officers, from issuing or selling the proposed $250,000 in bonds, or any part thereof, as directed in Act 107 of 1914, and to be used for drainage purposes; all at the cost of defendant.