(96 South. 47)

No. 25868.

THIBAUT v. BOARD OF COM'RS OF LAFOURCHE BASIN LEVEE DIST.

(April 2, 1923.)

(Syllabus by Editorial Staff.)

1. Statutes ⬤⟿205, 225—Part or section of act should be interpreted in connection with the rest of the act and all laws on the same subject.

A part or section of an act should be interpreted in connection with the rest of the act, and in connection with all laws on the same subject-matter.

2. Statutes ⬤⟿184—Interpretation should be adopted which best harmonizes with context and object of legislation.

In interpreting part or section of an act, the object which the Legislature had in view should be ascertained, and the interpretation adopted which best harmonizes with the context and with such object.

3. Levees and flood control ⬤⟿34—Statute held to authorize bonds only for drainage as incident of levee system and constitutional.

Act No. 70 of 1922, authorizing levee district created by Act No. 13 of 1892, to issue bonds and apply proceeds to drainage and levee purposes only contemplates such drainage as is necessary to building and maintenance of levees, and does not unconstitutionally grant such district the powers of a drainage district, or, in violation of Const. 1921, art. 14, § 14, authorize drainage bonds without vote of taxpayers.

4. Levees and flood control ⬤⟿34—Constitution does not require submission of question of issuing bonds to taxpayers.

Under Const. 1921, art. 16, §§ 2, 3, authorizing bond issues to fund taxes for levees and levee drainage, it is not required that the proposition to issue the bonds be submitted to the taxpayers.

---

Appeal from Twenty-Seventh Judicial District Court, Parish of Ascension; Sam A. Le Blanc, Judge.

Suit by Charest Thibaut against the Board of Commissioners of Lafourche Basin Levee District. From a judgment for defendant, plaintiff appeals. Affirmed.

Howell & Wortham, of Thibodaux, for appellant.

Aubert L. Talbot, Dist. Atty., of Napoleonville, and Caleb C. Weber, Special Counsel, of Donaldsonville, for appellee.

OVERTON, J. The Legislature created by Act No. 13 of 1892 the Lafourche Basin levee district, for the purpose of constructing and maintaining levees in the territory out of which the district was formed, and of protecting the lands therein from overflow, and authorized the district to levy taxes, forced contributions, and local assessments to accomplish the purposes of its creation.

By Act No. 70 of 1922, the Legislature authorized the board of commissioners of the district to issue, in addition to the $750,000 of bonds, issued by it in the past, bonds in the further sum of $750,000, to be retired by paying them out of such taxes, local assessments, and forced contributions, as the board is authorized to levy and collect, and out of the proceeds arising from the sale of lands belonging to the district, after making proper

provision for the payment of the bonds already issued. The act then provides, after making certain other provisions, unnecessary to mention,

"That the said board of commissioners may negotiate and dispose of these bonds [the $750,000 additional issue authorized] as it sees fit from time to time, in whole or in part, at not less than par; the proceeds thereof to be applied to the drainage and levee purposes within the limits of said district."

Under the provisions of the act of 1922, the board of commissioners passed a resolution authorizing the issuance of the additional bonds authorized by that act, "for the purpose of providing funds for the construction, maintenance, and development of the levees and levee system" in the district. On the trial it was admitted that the district has let contracts for the construction, maintenance, and repair of levees therein, and was then constructing, maintaining, and repairing them, as a protection against high water; that the contracts let by it equal approximately, in the aggregate, the amount of the additional issue sold, which was $500,000; and it was further admitted that the proceeds of that issue, to the full extent of the $750,000 authorized, were intended to be used solely for the construction, maintenance, and development of the levee system of the district.

Before any of the bonds of the additional issue had been delivered, though $500,000 of them, as stated, had been sold, plaintiff addressed a petition to the district court in and for the parish of Ascension, in which he alleged that, unless restrained by a writ of injunction, the board of commissioners of the district would issue and deliver the $500,000 of the bonds mentioned as sold, and would issue, sell, and deliver the remainder thereof, which the board was about to do; and he further alleges that, unless thus restrained, the board would collect from him and from the remaining owners of property in the district, taxes and local assessments with which to retire the bonds. He alleges that the board is without right to issue the bonds and to levy and collect taxes and assessments with which to pay them, because Act No. 70 of 1922, which authorizes the additional issue, is unconstitutional, in that it authorizes the issue without exacting a compliance with section 14 of article 14 of the Constitution of 1921; that this section provides that bonds for drainage purposes may be issued only when authorized by the vote of a majority in number and amount of the property taxpayers qualified to vote on the proposition to issue them; that while article 16 of the Constitution authorizes the Legislature to permit the funding of the taxes and other revenues of levee districts into bonds, the proceeds thereof to be used for levees and levee drainage, yet that the act of 1922 does not purport to limit the purpose of the bonds authorized by it to such drainage, but authorizes the issuance of the bonds by the board for general drainage, whether incidental or not to the construction and maintenance of levees, without exacting on the part of the board a compliance, as stated, with section 14 of article 14 of the Constitution of 1921.

### Opinion.

Section 14 of article 14 of the Constitution authorizes municipal corporations, parishes, and school, road, subroad, sewerage, drainage, and subdrainage districts to issue bonds, but does not provide for the issuance of them by levee districts. The authority in the Constitution of 1921, for the issuance of bonds by such districts, is to be found in article 16 thereof, where it is provided, in section 2, that:

"For the purpose of constructing and maintaining levees, levee drainage, and for all other purposes incidental thereto, the governing authority of each district may levy annually a tax not to exceed five mills on the dollar on all taxable property situated within the alluvial portions of said districts subject to overflow, and should the necessity arise to raise addi-

tional funds for such purposes, the said tax may be increased when the rate of such increase and the necessity therefor shall have been submitted to and voted for at an election called for that purpose by a majority in number and value of the property taxpayers of said district qualified to vote and voting at such election."

And, in section 3 of article 16, it is provided that:

"The Legislature may authorize the funding of said taxes or other revenues into bonds, or other evidences of indebtedness, the proceeds thereof to be used for the purposes mentioned in this article; or for the funding or payment of any outstanding indebtedness."

It will be observed that section 3 authorizes the funding of the taxes, which levee districts are authorized to levy, and such other revenues as these districts may have, into bonds, the proceeds of which are to be used for the purposes mentioned in article 16, that is, "for the purpose of constructing and maintaining levees, levee drainage, and for all other purposes incidental thereto."

Plaintiff contends, however, as we have seen, that the word "drainage," found in section 2 of Act 70 of 1922, which section is quoted above, does not refer merely to levee drainage, but to drainage generally, without reference to the construction and maintenance of levees; and, as argued in plaintiff's brief that, in view of the fact that it is impossible to say what part of the $750,000 issue the lawmaker intended by the act of 1922 to be used for drainage, as a work apart from the construction and maintenance of levees, the entire act is unconstitutional. We are, however, of the opinion that plaintiff is in error in his contention.

[1-3] Viewed alone, section 2 of the act of 1922, quoted in the statement made of this case, might be interpreted as authorizing the issuance of the bonds for drainage and levees, without reference to whether the drainage is incidental or not to the construction and maintenance of levees. However, in interpreting a part or section of an act, in dispute, the part or section should be interpreted in connection with the rest of the act, and in connection with all laws on the same subject-matter. Moreover, the object that the Legislature had in view should be ascertained, and the interpretation adopted which best harmonizes with the context and with that object. When the act of 1922 is considered in its entirety, it at once becomes evident that the purpose which the Legislature had in view was to better enable the district to accomplish the purpose of its creation. That purpose, as appears from Act 13 of 1892, was not to construct and maintain a system of drainage, as a drainage district does, but to construct and maintain a system of levees for the purpose of protecting the lands therein from overflow, and, as a part of that purpose, implied in the express power granted to build and maintain levees, to construct such drainage as might be necessary for the building and maintenance of levees, that is to say, levee drainage, the kind of drainage sanctioned by article 16 of the Constitution, and not drainage for the reclamation and improvement of land. It was that purpose alone—that is, levee drainage—that the Legislature had in view, when it authorized the board of commissioners of the district, by the act of 1922, to issue the bonds for drainage and levee purposes.

[4] So viewed, the act of 1922 is clearly constitutional, in that it neither violates the Constitution by seeking to grant to the levee district, in question, the powers of a drainage district, by authorizing it to construct a system of drainage apart from, and not as a necessary incident of, its levee system, nor does it violate the Constitution by authorizing the board of commissioners to fund its taxes and other revenues into bonds and sell them for such drainage and levee purposes, without exacting that the board first submit the proposition to the property tax payers of the district. Section 3 of article 16 of the Constitution, which authorizes the

Legislature to permit such funding, does not require of it, nor does any other article of the Constitution require, that the Legislature exact, in granting such authority, that the board submit the proposition to issue the bonds to the property tax payers before issuing them.

Plaintiff, in support of his contention that the act is unconstitutional, cites Fenner v. Board of Commissioners, 137 La. 557, 68 South. 953. However, that decision is not pertinent. In that case, Act 107 of 1914 was attacked as unconstitutional on substantially the same ground, as the attack, in this case, on the act of 1922. The act of 1914 authorized the Red River, Atachafalaya, and Bayou Bœuf levee district to issue bonds in the sum of $500,000, the proceeds of one half of which were required to be used for drainage purposes, in the district, and the remaining half for levee purposes. The court interpreted the act as authorizing the expenditure of one half of those proceeds for drainage that was not necessarily incidental to, and a part of the levee system, and hence ruled that the act, to that extent, was unconstitutional. Moreover, sections 1, 2, and 3 of article 16 of the Constitution of 1921, under which the act of 1922 was passed, are broader in this respect, than are the corresponding articles 238 and 239 of the Constitution of 1913, under which the act of 1914 was enacted.

For the reasons assigned, the judgment appealed from is affirmed, at plaintiff's costs.