617 So.2d 204 (1993)
Mary H. HALL, Plaintiff-Appellee,
v.
Jerry W. HALL, Defendant-Appellant.
No. 92-430.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1993.
*205 James A. Pharis Jr., Alexandria, for Mary H. Hall.
Wilbert Joseph Saucier Jr., Pineville, for Jerry W. Hall.
Before DOMENGEAUX, C.J., and LaBORDE and DECUIR, JJ.
DECUIR, Judge.
This appeal from a judgment modifying child support is taken by the defendant, Jerry W. Hall. The single issue raised by this appeal is whether the trial court erred in considering only one-half (½) of the minor children's social security benefits as income in setting child support to be paid by appellant.

FACTS
A brief history of the parties will clarify the origin of the children's income in question. Plaintiff, Mary Hall Orr was first married to McBride. Out of that union, five children were born. Upon the death of McBride, Mary and the children began to receive social security benefits. Mary, subsequently married defendant, Jerry Hall, and her benefits were terminated but the benefits of the children continued in the amount of $1,490.00 per month. Jerry Hall adopted Mary's five children and one child was born of the union. Ultimately, Mary and Jerry were divorced.
Mary later instituted this proceeding to modify child support. The trial court, in setting child support pursuant to LSA-R.S. 9:315 et seq., deducted only one-half (½) of the monthly income of the minor children. From the ruling, Jerry Hall appeals. We affirm.

TREATMENT OF CHILDREN'S SOCIAL SECURITY BENEFITS
Appellant argues first that the trial court abused its discretion in deducting only one-half (½) of the children's income from the amount of child support set pursuant to LSA 9:315 et seq. We disagree. The trial court very succinctly explains its treatment of the benefits as follows:
"9:315.7 provides as follows:
`A. Income of the child that can be used to reduce the basic needs of the child may be considered as a deduction from the basic child support obligation.
B. The provisions of this Section shall not apply to income earned by a child while a full-time student, regardless of whether such income was earned during a summer or holiday break.'
The defendant father here argues, first, that the survivor benefits are income of the children and, second, that the $1,490.00 monthly benefit should be deducted from the basic child support obligation.
Whether or not the survivor benefits are "income of the child" within the meaning of 9:315.7 is an interesting question. Clearly, the children do not work for the benefits and the amount received is not dependent on the number of children. The mother is the payee and, whether she should or not, she has included the benefits within her gross income for income tax purposes. The Court believes, however, that the mother is the payee solely because the children are legally incompetent. The benefits are payable only because of the children and the mother is required to spend the money on the children and to make some accounting. The Court finds these latter *206 factors are controlling and the benefits are income of the children under 9:315.7.
The fact that the benefits are income of the children does not require the deduction for which the father argues. The statute provides income "may" be considered as a deduction. Thus, this is a matter within the discretion of the court and dependent upon the circumstances of the case. LSA-R.S. 1:3.
In this case, the Court finds that only one-half (½) of the benefits should be deducted from the support obligation. This finding is based on the Court's understanding of the overall intent and purpose of the Child Support Guidelines and, in particular, the treatment of government benefits in the 9:315(4) definition of "gross income." Under (a), "social security benefits" are included but, under (d), non-taxable child related benefits are excluded. While the language of the definitions does not refer specifically to survivor benefits or a child's income, the Court believes it would be consistent with the statute to treat these benefits in a manner similar to that provided in the statute."
The trial court noted further that pursuant to 26 U.S.C. § 86, one-half (½) of the total survivor benefit received, regardless of amount, is exempt from federal income tax. Similar tax exempt benefits are excluded from parents income by LSA-R.S. 9:315.4.
A part or section of an act should be interpreted in connection with the rest of the act, and in connection with all laws on the same subject matter. Thibaut v. Board of Commissioners of Lafourche Basin Levee District, 153 La. 501, 96 So. 47 (1923). In the present case, the trial court in interpreting LSA-R.S. 9:315(7) regarding children's income referred to LSA-R.S. 9:315(4), which defines income for parents. The trial court concluded that the tax exempt portion of the children's benefits should be excluded for the purposes of LSA-R.S. 9:315.7 just as similar benefits are excluded for parents under LSA-R.S. 9:315.4. We find no error in that ruling.

DEVIATION FROM GUIDELINES
Appellant next argues that the trial court erred in deviating from the Guidelines for Child Support without providing written or oral evidentiary reasons. This argument lacks merit. First, the trial court did not deviate from the guidelines in deducting only one-half (½) of the children's income. Secondly, had the court deviated, the record includes ample written reasons to support such a deviation.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are taxed to defendant-appellant, Jerry Hall.
AFFIRMED.