Dear Representative Smith:
This office is in receipt of your opinion request relating to the following:
Does La. R.S. 32:295 allow the assessment of court costs for a first violation and if not, does another provision of law allow such assessment?
Subsection H of La. R.S. 32:295 states:
 H. Any person who violates this Section shall upon conviction be fined fifty dollars for a first offense, one hundred dollars for a second offense, and one hundred dollars plus all costs of court for a third or subsequent offense. In addition to the fine, the license of a defendant in violation of this Section shall be confiscated and driving privileges suspended until such time as satisfactory proof is presented to the court that the defendant has acquired an approved age- or size-appropriate passenger restraint system where applicable.
It is a well settled principle of statutory construction that laws on the same subject matter should be interpreted in reference to each other. La. Civ. Code art. 13. Thibaut v. Board of Com'rs ofLafourche Basin Levee Dist., 153 La. 501, 96 So. 47 (1923). Additionally, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the context of the law as a whole. La. Civ. Code art. 12.Louisiana Smoked Products, Inc. v. Savoie's Sausage and FoodProducts, Inc., 696 So.2d 1373 (La. 1997). Furthermore, if there is a conflict between two statutes, the statute more particular to the matter at issue must prevail as an exception to a statute more general in character. Kennedy v. Kennedy, 699 So.2d 351 (La. 1996). Finally, as the Louisiana Supreme Court stated in State v.Boowell, 406 So.2d 213 (La. 1981), "It is a fundamental principle of statutory construction that penal provisions are strictly construed in favor of defendant, who must be afforded the benefit of genuine ambiguity."
In consideration of these principles of interpretation it is the opinion of this office that La. R.S. 32:295 does not allow for the assessment of court costs for a first offense violation. The first sentence of subsection (H) indicates what the punishment for each offense will be by enclosing the offense and penalty within its own clause. The costs of court penalty is enclosed within the third offense clause, thus indicating that costs of court will be assessed only for a third offense violation. This conclusion is strengthened by consulting the legislative history. The original amendment in the 1997 revision of subsection (H) read:
 H. Any person who violates this Section shall upon conviction be fined one hundred dollars plus all costs of court for a first offense, two hundred fifty dollars plus all costs of court for a second offense, and five hundred dollars plus all costs of court for a third or subsequent offense.
The final version only has the costs of court assessment in the third offense clause. Clearly, it was the intent of the legislature to remove the costs of court penalty for a first and second offense by deleting costs of court assessments from the first and second offense clauses. Additionally, if the statute was construed to allow the assessment of court costs on a first and second violation, the resulting absurdity would be that the penalties for a second and third violation would be equal. Such a construction is unacceptable. Moreover, when considering contextual statutes like La. R.S. 32:295.1 (titled: Safety beltuse; tags indicating exemption) which limits the total fine and costs of court on a first and second but not a third offense, it becomes clearer that the legislative intent was to have the full burden of court costs carried by the defendant only upon a third offense conviction. Finally, if a general statute exists that grants courts the discretion to impose court costs, subsection (H) of R.S. 32:295 is more particular and would therefore serve as an exception to the general rule.
In sum it is the opinion of this office that La. R.S. 32:295 does not allow for the assessment of court costs for a first offense violation and, furthermore, there is no other general statute that allows the assessment of court costs for a first offense violation.
I hope that this opinion has adequately addressed your questions. If I may be of further assistance, please do not hesitate to call me.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JULIE COLLINS
Assistant Attorney General