# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-343

**IDA PERALEZ**

**VERSUS**

**HDI GLOBAL SPECIALTY SE, ET AL.**

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 137691
HONORABLE ANTHONY JUDE SALEME, JR., DISTRICT JUDGE

**********

**CANDYCE G. PERRET**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, John E. Conery, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Matthew D. McConnell**
**McConnell Law Offices**
**Post Office Box 52024**
**1502 W. University Avenue**
**Lafayette, LA 70505-2024**
**(337) 347-6404**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Ida Peralez**

**Norman E. Anseman, III**
**Patrick R. Schmidt**
**Perrier & Lacoste, L.L.C.**
**One Canal Place**
**365 Canal Street, Suite 2550**
**New Orleans, LA 70130**
**(504) 212-8820**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **United Specialty Insurance Company**
    **F R M, Inc.**
    **McDonald's Corporation**
    **LSM/STM, Inc.**

**PERRET, Judge.**

Plaintiff-Appellant, Ida Peralez, appeals the trial court's November 24, 2021 Judgment dismissing her claims against Defendants-Appellees, United Specialty Insurance Company,[1] McDonald's Corporation, F R M, Inc., and LSM/STM, Inc. The Judgment granted Defendants' Exception of Prescription. On appeal, we affirm the trial court's ruling.

**FACTS AND PROCEDURAL HISTORY:**

The trial court succinctly set forth the facts and procedural history of this case in its Reasons for Judgment:

> Plaintiff alleges that an accident with injury occurred on July 9, 2020[,] at a McDonald's in New Iberia. A petition for damages was fax filed with the Iberia Parish Clerk of Court on July 9, 2021. The original petition was filed with the Clerk on July 26, 2021. Defendants filed exceptions of prescription alleging that the case had prescribed because the original petition was not delivered within the required time-period following the fax filed petition under La.R.S. 13:850.
>
> Plaintiff filed an opposition to the peremptory exceptions arguing that the original petition was delivered to the clerk within seven days of the fax filed petition as required by [La.]R.S. 13:850 because the original petition had been mailed within the prescribed time-period. Furthermore, plaintiff argued that the suspension of prescription as a result of Hurricane Laura, issued on August 28, 2020[,] by the Louisiana Supreme Court due to the Governor's Emergency Declaration, gave the plaintiff an additional thirty days within which to timely file suit.
>
> Defendants filed a reply memorandum addressing the plaintiff's suspension argument alleging that the suspension was a limited suspension that had no effect in this case as plaintiff's claims did not prescribe within the thirty-day suspension period, August 21, 2020[,] through September 20, 2020.

---

[1] Plaintiff named HDI Global Specialty SE as a defendant in the petition and case caption; however, in Defendants' Exception of Prescription, United Specialty Insurance Co. appeared and noted Plaintiff incorrectly identified it as HDI Global Specialty SE.

After considering the parties' arguments and the statutes, the trial court granted Defendants' Exception of Prescription, finding that, as far as filing the petition, the operative filing date was July 26, 2021:

> The courts of appeal in Louisiana have decided . . . that the clerk of court's physical possession of or having received and stamped filed the original petition was necessary to satisfy delivery under [La.]R.S. 13:850. . . .
>
> . . . . plaintiff did not meet the requirements of La. R.S. 13:850 in order to have the effective date of filing this suit relate back to the fax filing date. Rather, the date of filing of the plaintiff's petition in this case is July 26, 2021.

Furthermore, the trial court concluded that La.Civ.Code art. 3472.1 and the Louisiana Supreme Court's Order following Hurricane Laura, providing for a suspensive period, did not add thirty days to Plaintiff's time to file her petition:

> To this Court, the plain reading of paragraph B of La. C.C. art. 3472.1 is that any right to file a pleading during the time of the suspension of prescription provided by this article ends sixty days after the termination of the emergency order or order of the Louisiana Supreme Court. The right to file a pleading pursuant to the suspension provided by this article does not carry forward beyond sixty days after termination of suspension. The 30-day emergency suspension of prescription and peremption periods from August 21, 2020[,] to September 20, 2020, due to Hurricane Laura, applied to claims that would have prescribed in that time. Paragraph B allowed the claims that would have prescribed in the time period from August 21, 2020[,] through September 20, 2020[,] to be filed within 60 days of the September 20, 2020 termination of suspension date. The emergency suspension of prescription and peremptive dates due to Hurricane Laura would not apply to Plaintiff's claims which prescribed on July 9, 2021, nearly seven months later.

Therefore, using the effective filing date of July 26, 2021, the trial court found that Plaintiff filed her petition more than one year after her injury on July 9, 2020, and dismissed Plaintiff's claims and assessed her with court costs:

> IT IS ORDERED, ADJUDGED AND DECREED that the Exceptions of Prescription filed by the McDonald's Corporation, United Specialty Insurance Company, F R M, Inc, and LSMSTM, Inc. are granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Petition for Damages filed by Ida Perelez [sic] is dismissed with prejudice for failure to deliver the original of the fax-filing to the Clerk of Court within the time requirements of La.R.S. 13:850.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that cost[s] in bringing this matter are to be paid by the plaintiff.

Thereafter, Plaintiff filed a Motion and Order for Suspensive Appeal, which was granted.

On appeal, Plaintiff abandons her argument regarding the timeliness of her petition under La.R.S. 13:850 and chooses to appeal the judgment based on the trial court's refusal to find her one-year prescriptive period suspended for thirty days under La.Civ.Code art. 3472.1 and the emergency declarations in place due to Hurricane Laura. Plaintiff asserts two assignments of error, summarized as follows: (1) the trial court erred as a matter of law in failing to add thirty days to Plaintiff's one-year period to file suit due to the Supreme Court's thirty-day suspension in the wake of Hurricane Laura, and (2) the trial court failed to determine any ambiguity in La.Civ.Code art. 3472.1 in favor of Plaintiff, despite the well-settled principle that prescriptive statutes are strictly construed in favor of maintaining the obligation sought to be extinguished.

## DISCUSSION:

Typically, exceptions of prescription are reviewed on appeal for manifest error when evidence is introduced at the hearing on the motion, but when no evidence is introduced, the motion is "analyzed on the facts pled in the petition, which are accepted as true, and review of the judgment is limited to whether the trial court's decision was legally correct." *Med. Review Panel for Bush*, 21-954, p. 6 (La. 5/13/22), 339 So.3d 1118, 1123.

3

However, to answer the Assignments of Error raised herein, this court must determine whether La.Civ.Code art. 3472.1 suspends prescription for all claims or only those pleadings that would otherwise have prescribed or come due during the period of the emergency declaration. The relevant facts are undisputed and the question for review is one of statutory interpretation; thus, the issue is purely legal requiring a de novo review on appeal:

> [W]hen an exception of prescription involves the interpretation of a statute, which is a question of law, the appellate court must use *de novo* standard of review. *In re Succession of Smith*, 09-969 (La.App. 3 Cir. 2/3/10), 29 So.3d 723. Furthermore, the party raising the defense of prescription bears the burden of proof. *Wells v. Zadeck*, 11-1232 (La. 3/30/12), 89 So.3d 1145. "However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed." *Id. at* 1149.

*Smith v. Vick Invs.*, *LLC*, 19-622, pp. 2-3 (La.App. 3 Cir. 6/3/20), 298 So.3d 288, 290, *writ denied*, 20-830 (La. 10/14/20), 302 So.3d 1114. In this case, the alleged injury occurred on July 9, 2020, and Plaintiff did not file her original petition until July 26, 2021. Prescription is evident on the face of the pleading; thus, Plaintiff has the burden of showing the action has not prescribed.

Regarding statutory interpretation:

> Under the general rules of statutory construction, the following axioms should be remembered. Legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for the legislative intent. *Hutchinson v. Patel,* 93-2156 (La.5/23/94); 637 So.2d 415. When a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La.Civ.Code art. 9; *Billiot v. B.P. Oil Co.,* 93-1118 (La.9/29/94); 645 So.2d 604. The starting point for interpretation of any statute is the language of the statute itself. *Touchard v. Williams,* 617 So.2d 885 (La.1993). "A part or section of an act should be interpreted in connection with the rest of the act. . . ." *Hall v. Hall,* 617 So.2d 204, 206 (La.App. 3 Cir.1993). Laws *in pari materia,* or upon the same subject matter, must be interpreted in reference to each other. La.Civ.Code art. 13. "In instances of a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute

4

more general in character." *Horil v. Scheinhorn,* 95-967, p. 3 (La.11/27/95); 663 So.2d 697, 699.

*Dugas v. Durr*, 96-744, p. 6 (La.App. 3 Cir. 3/6/98), 707 So.2d 1368, 1370-71, *writ denied*, 98-0910 (La. 5/15/98), 719 So.2d 464.

Pertinent to this case, Governor John Bel Edwards declared a state of emergency pursuant to La.R.S. 29:721, *et seq.* on August 21, 2020, Proclamation Number 141 JBE 2020.[2]  Thereafter, on August 28, 2020, the Louisiana Supreme Court issued an Order pursuant to the power designated to it by the Legislature in La.Civ.Code art. 3472.1.  This Order declared in pertinent part:

> Acting under the authority of Louisiana Civil Code Article 3472.1 and Louisiana Code of Civil Procedure Article 562, and considering the state of emergency declared statewide by Governor John Bel Edwards as a result of then-Tropical Storm Laura on August 21, 2020 and the catastrophic damage that Hurricane Laura has caused in the state,
>
> IT IS HEREBY ORDERED THAT:
>
> 1.    <u>Emergency suspension of prescription and peremption</u>: All prescriptive and peremptive periods are hereby suspended statewide for a period of thirty days commencing from the Governor's August 21, 2020 declaration of state of emergency.

Louisiana Civil Code Article 3472.1 was enacted by 2020 La. Acts No. 3, § 1, and became effective on June 25, 2020.[3]  This article states:

> A. Notwithstanding any other provisions of the law, in the event the governor declares a state of emergency or disaster pursuant to R.S. 29:721 through 772, the Supreme Court of Louisiana may enter an order or series of orders as deemed necessary and appropriate to suspend all prescriptive and peremptive periods for a period of time not

---

[2] The supreme court order was not introduced into evidence by the parties, despite it being attached to the Memorandum in Support of Exception of Prescription.  However, we take judicial notice of the governor's proclamation and the text of the supreme court order with the power to issue said order authorized by the legislature in La.Civ.Code art. 3472.1.  *See* La.Code Evid. art. 202(B)(1).  The pertinent language, Paragraph (1), was also set forth and quoted in *De La Rosa v. King*, No. CV 21-164, 2022 WL 1524332, (E.D. La. May 13, 2022).

[3] The article has since been amended by 2022 La. Acts No. 469, § 1, which became effective on August 1, 2022.

5

to exceed ninety days. Thereafter, should the need for continuing suspension be necessary to preserve access to the courts, the governor may issue executive orders as deemed appropriate. The period of suspension authorized by the provisions of this Article shall terminate upon the earlier of an order of the Supreme Court of Louisiana or upon termination of the declared state of disaster or emergency. Nothing in this Article limits the authority of the governor or the legislature to act in accordance with its authority.

B. The right to file any pleading subject to the suspension as provided by Paragraph A of this Article shall terminate sixty days after the termination of the suspension as provided by Paragraph A of this Article.

Plaintiff argues that La.Civ.Code art. 3472.1 is ambiguous and, therefore, the interpretation that favors maintaining the action should be applied, citing *Mallett v. McNeal*, 05-2289 (La. 10/17/06), 939 So.2d 1254, in support. Plaintiff suggests one interpretation of the statutes is that Paragraph A adds "additional time to prescriptive periods" while Paragraph B "grants additional emergency relief" to any pleading that was required to be filed during the suspension period, giving those pleadings an additional sixty days after the suspension period ended in which to be filed. "In other words, Article 3472.1(B) addresses pleadings that before the storm occurred needed to be filed during the suspension period [i.e. 'pleading subject to the suspension'] and that after the storm must be filed after the suspension period." Plaintiff asserts "we must give [the legal term 'suspension'] its generally prevailing meaning as set forth in La. C.C. Art. 3472."

Louisiana Civil Code article 3472.1 became effective June 25, 2020, only two months prior to Hurricane Laura, and appears to preemptively ratify future emergency orders, rather than requiring ratifying statues after the fact. For example, see La.R.S. 9:5821-5830. The Legislature acted to grant the supreme court the power to suspend prescription deadlines in the face of an emergency, instead of relying on the Governor to initially do so. In fact, Plaintiff even recognizes this

6

purpose in her brief: "[T]he statute was written to prospectively establish a framework for emergency relief[.]" Paragraph A sets forth that power and indicates that the supreme court may suspend prescription *up to* ninety days on its own once a state of emergency or disaster is ordered. La.Civ.Code art. 3472.1(A).

Paragraph B then provides the application that any suspension of prescription declared using the power set forth in Paragraph A will have, providing that the right to take advantage of the suspension will end sixty days after the termination of the suspension.

Plaintiff suggests La.Civ.Code art. 3472.1 should be read in light of La.Civ.Code art. 3472,[4] which traditionally adds time to prescriptive periods, and argues that "the trial court's interpretation does not honor the suspension tradition[.]" However, we find that La.Civ.Code art. 3472.1 is a clear and superseding statute for emergency declarations. *See Horil v. Scheinhorn*, 95-967 (La. 11/27/95), 663 So.2d 697. Our conclusion is bolstered by the fact that La.Civ.Code art. 3472.1 permits the suspension of both prescriptive *and* peremptive periods, whereas La.Civ.Code art. 3472 speaks only to prescriptive periods. In fact, normally,

> [p]ublic policy requires that rights to which peremptive periods attach are extinguished after passage of a specific period of time, and accordingly, nothing may interfere with the running of a peremptive period. The peremptive period may not be interrupted or suspended or renounced, and exceptions such as *contra non valentem* are not applicable.

*Borel v. Young*, p. 8 (La. 11/27/07), 989 So.2d 42, 49 (citations omitted). Clearly, La.Civ.Code art. 3472.1 carves out an exception to the general rule in light of state of emergency and disaster situations.

---

[4] "The period of suspension is not counted towards accrual of prescription. Prescription commences to run again upon the termination of the period of suspension." La.Civ.Code art. 3472.

Plaintiff also argues that nothing in the statute indicates that the effects of the suspension provided for in Paragraph A were intended to be temporary, and contrasts the language used in La.Civ.Code art. 3472.1 to prior statutes that specifically provided for limited and temporary suspensions of prescription due to Hurricanes Katrina and Rita. Plaintiff argues that these prior statutes show the Legislature can specify those cases in which suspensions of prescription will be limited in effect but chose not to use such limiting language in drafting La.Civ.Code art. 3472.1.

Plaintiff is correct that in past emergencies and natural disasters the Legislature has ratified the governor's suspension of prescriptive periods, and that those statutes included language such as "limited" and "temporary." *See* La.R.S. 9:5821-5830.[5] Plaintiff argues that these statutes clearly show the Legislature knew how to provide for limited suspension periods if that was the intent of the Legislature, but La.Civ.Code art. 3472.1 is devoid of any similar "limited" language.

---

[5] La.R.S. 9:5822(A)(emphasis added), regarding Hurricanes Katrina and Rita, states:

A. All prescriptions, including liberative, acquisitive, and the prescription of nonuse, and all peremptive periods shall be subject to a **limited suspension** and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods **shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006.** This **limited** suspension and/or extension shall terminate on January 3, 2006, and any right, claim, or action which would have expired during the time period of August 26, 2005, through January 3, 2006, shall lapse on January 4, 2006.

La.R.S. 9:5829(A)(emphasis added), regarding Covid-19, states:

All prescriptions, including liberative, acquisitive, and the prescription of nonuse, abandonment periods, and all peremptive periods shall be subject to a **limited** suspension or extension during the time period of March 17, 2020, through July 5, 2020; however, **the suspension or extension of these periods shall be limited and shall apply only if these periods would have otherwise expired during the time period of March 17, 2020, through July 5, 2020.** The right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020.

8

However, not mentioned by Plaintiff is La.R.S. 9:5827, regarding the 2016 Flood, which states (emphasis added):

> In accordance with Executive Orders JBE 2016-53, 57, and 66, all prescriptive periods, including liberative, acquisitive, and the prescription of nonuse, and all peremptive periods were suspended or extended for a period beginning August 12, 2016, and ending September 30, 2016. To the extent that any prescriptive period or peremptive period would have run on or before September 30, 2017, but for the suspension or extension of the period pursuant to the Executive Orders JBE 2016-53, 57, and 66, the prescriptive or peremptive period will be deemed to have run upon the earlier of: **(1) the date calculated pursuant to Civil Code Article 3472** or (2) September 30, 2017. The suspension and extension of prescriptive periods and peremptive periods contained in Executive Orders JBE 2016-53, 57, and 66 shall not apply to any prescriptive period or peremptive period accruing on or after October 1, 2017.

This article demonstrates that the Legislature also knew it could reference La.Civ.Code art. 3472 in order to calculate prescription for all actions by adding the suspended time to the date prescription would normally have accrued. The Legislature did not do so in La.Civ.Code art. 3472.1.

At this time, few cases have mentioned the statute at hand. *Anding o/b/o Anding v. Ferguson*, 54,575 (La.App. 2 Cir. 7/6/22), 342 So.3d 1138, does not apply La.Civ.Code art. 3472.1—instead relying on the Covid statutes. *Anding*, 54,575 at p. 15, merely states: "Rather, [La.Civ.Code art. 3472.1] provides that for any event following its ratification, by which the governor declares a state of emergency or disaster, the Louisiana Supreme Court may enter an order to suspend prescription or peremption."

In *De La Rosa v. King*, No. CV 21-164, 2022 WL 1524332, (E.D. La. May 13, 2022), the court does discuss La.Civ.Code art. 3472.1, but also finds that it does not apply. The plaintiff, De La Rosa, was allegedly injured in a collision on January 22, 2020. He filed suit on January 25, 2021. A motion to dismiss for failure to bring

suit within the one-year prescriptive period was granted. The plaintiff filed for reconsideration asserting that the prescription of his claim was suspended by Order JBE 2020-84, that any limitation on suspension deadlines is incongruent with La.Civ.Code art. 3472, and that prescription was again suspended by the Louisiana Supreme Court's Order pertaining to Hurricane Laura and ordered under the authority of La.Civ.Code art. 3472.1. Similar to Plaintiff Peralez, De La Rosa argued that the later Order added thirty days to the end of his prescription period; thus, his claim did not prescribe until February 22, 2021. The court noted that the plaintiff raised the Hurricane Laura argument for the first time on reconsideration, which was improper. However, the court still addressed the argument:

> In any event, this argument is meritless. The Louisiana Supreme Court Order is governed by Louisiana Civil Code article 3472.1, which authorizes the Louisiana Supreme Court to suspend prescriptive and peremptive periods, provided that "the right to file any pleading subject to the suspension . . . shall terminate sixty days after the termination of the suspension." The Louisiana Supreme Court Order suspended prescriptive and peremptive periods for thirty days starting on August 21, 2020. Thus, that suspension terminated on September 20, 2020. Plaintiff filed suit on January 25, 2021, which is more than sixty days after termination of the suspension. Therefore, the Louisiana Supreme Court Order did not preserve Plaintiff's claim.

*Id.* at p. 5 (footnotes omitted).

*Simon v. Kansas City Southern Railway Co.*, CV 3:21-3800, 22 WL 2421121 (W.D. La. March 10, 2022), *report and recommendation adopted*, CV 3:21-03800, 2022 WL 2421090 (W.D. La. March 25, 2022), quickly addressed the application of La.Civ.Code art. 3472.1. The plaintiff therein argued that prescription was suspended, thus her petition was timely filed. In addressing one of her arguments that the Louisiana Supreme Court's order following Hurricane Laura suspended her claim, the court stated:

10

> [T]he Louisiana Supreme Court expressly issued its order pursuant to Louisiana Civil Code Article 3472.1 and Louisiana Code of Civil Procedure Article 562, both of which authorize the Louisiana Supreme Court to suspend prescriptive and peremptive periods for up to ninety days, but the "right to file any pleading subject to the suspension ... shall terminate sixty days after the termination of the suspension ..." *See* LA. CIV. CODE ART. 3472.1 and LA. CODE CIV. P. ART. 562.
>
> Again, Simon did not file the instant suit within 60 days after September 20, 2020 (the date that the suspension authorized by the Louisiana Supreme Court terminated). Accordingly, she cannot avail herself of the suspension issued by the Louisiana Supreme Court.

*Id.* at p. 4.

Additionally, the court in *Johnson v. Brinker Louisiana, Inc.*, CV 22-531, 22 WL 2986589 (E.D. La. July 28, 2022), considered whether a claim was suspended by the supreme court's suspension order following Hurricane Ida. Finding the incident occurred after the suspension period terminated, the court stated:

> [T]he Louisiana Supreme Court suspended all prescriptive periods for a period of 30 days starting August 26, 2021 . . . . The state supreme court ordered suspension under the authority of Louisiana Civil Code article 3472.1, which provides that "[t]he right to file any pleading subject to the suspension as provided by Paragraph A of this Article shall terminate sixty days after the termination of the suspension as provided by Paragraph A of this Article." The court's order suspended prescription until September 27, 2021, so the 60-day cutoff was November 26, 2021. Plaintiff could not avail herself of the suspension because she was injured in December 2021.

*Id*. at p. 2 (citations omitted).

Thus, considering the above, we find that La.Civ.Code art. 3472.1 is clear. The article permits the supreme court to suspend prescriptive and peremptive periods up to ninety days following a state of emergency or disaster declaration. The right to file pursuant to this suspension, however, terminates sixty days after the suspension. Paragraph B clearly limits the effect of the power set forth in Paragraph A. Article 3472.1 does not attach additional time to Plaintiff's running of prescription on her claim.

11

Pursuant to La.Civ.Code art. 3472.1(A), the supreme court Order at issue suspended prescription and peremption for only thirty days following August 21, 2020, which would be until September 20, 2020. Thus, according to La.Civ.Code art. 3472.1(B), the right to file any pleading pursuant to the suspension terminated sixty days later. As in *De La Rosa*, Plaintiff filed her claim "more than sixty days after termination of the suspension. Therefore, the Louisiana Supreme Court Order did not preserve" Plaintiff's claim. *De La Rosa*, 2020 WL 1524332 at p. 5.

**DECREE:**

For the foregoing reasons, the November 24, 2021 Judgment granting Defendants' Exception of Prescription is affirmed. Costs of this appeal are assessed to Plaintiff, Ida Peralez.

**AFFIRMED.**