BOUTALL, Judge.
This is an appeal from the dismissal of a suit by summary judgment.
The plaintiff, Melvin Ancrum, was injured while in the course and scope of his employment with a labor service engaged by Edward Levy Metals, Inc. to assist in building and renovation work. Suit was brought against Levy, an alleged executive officer of Levy, and several insurers. The trial judge dismissed the suit as to all parties in three summary judgments dated January 13, January 17, and February 3, 1978.
Plaintiff appealed only the January 17th judgment, rendered in favor of Levy and Continental Casualty Company as its insurer, and the February 3rd judgment in favor of Continental Casualty Company as the *1226 insurer of Karl Smith, an alleged executive officer of Levy. Since the appeal as to the January 17th judgment has been dismissed by this court, only the appeal of the February 3rd judgment remains for consideration[1]. The trial judge maintained that motion for summary judgment finding there was no genuine issue of material fact as to the relationship between Karl Smith and Levy metals and that Karl Smith was not an executive officer of said company. This is the only issue before us on this appeal.
Disposal of a case by summary judgment is proper when the pleadings, depositions and affidavits on file show that there is no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. Code of Civil Procedure Article 966. As appellant points out, the issue of credibility is not properly before the court on a motion for summary judgment since the motion should not be used as a substitute for a trial on the merits. See Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir. 1977); Parker v. South Louisiana Contractors, 340 So.2d 322 (La.App. 1st Cir. 1976). In this case, however, we agree with the trial judge’s determination that no genuine issue of material fact is present in the record.
The test for determining executive office status is multi-faceted. In Hadrick v. Diaz, 302 So.2d 345 (La.App. 1st Cir. 1974), the considerations are listed as follows:
“[10] In determining the issue before us, our own courts have considered the following circumstances relevant: (1) Whether the employee’s position was created by corporate charter, Thibodeaux, above; (2) Whether the employee was formally elected or designated to his office or position by the Board of Directors, the officers or stockholders, Thibodeaux, above; (3) Did the employee have authority, discretion and managerial responsibility covering the divergent affairs of the corporation, Thibodeaux, above; (4) Did the employee have duties or authority outside his particular department, Thibo-deaux, above; Berry; (5) Was the employee involved in shaping company policy, Thibodeaux, above; (6) Did the employee possess authority to alter contract terms or conditions or to change specified company procedure, Upham, above; (7) Whether the employee had several department heads under his supervision, Berry, above; (8) Whether the employee had a large number of employees under his direction and control, and (9) Did the employee have authority to hire and fire other employees, Berry, above? In Guillory v. Aetna Insurance Company, 415 F.2d 650 (Fifth Circuit), the court also considered whether the employee maintained a close connection with the corporate officers and board of directors and whether the employee was empowered to write company checks.”
Our review of the record discloses the fact that Karl Smith meets none of the qualifications relevant to executive officer status.
The evidence included the affidavit of the Vice-President of Levy Metals specifically stating that Karl Smith has none of the duties or responsibilities of an executive officer. This affidavit states each consideration listed above and negates them point by point. The deposition of Karl Smith and the plaintiff do not contradict the affidavit on any point except for the fact that plaintiff states Smith had the right to hire and fire on the job. Both Smith and the Vice-President deny this, and in view of the other evidence, we do not feel that any material issue of fact is present.
Smith’s position was, entitled “outside supervisor”. He worked for a weekly salary and supervised no more than two jobs at any one time. He reported directly to the company’s operation manager who had assigned him to the job originally. He had no voice in the formation of company and had no managerial responsibility for either the general affairs of the company nor the day *1227 to day management of the company’s business. In light of these facts, we feel that no credibility determination was necessary in reaching the decision that the trial judge did. Even assuming that Smith had the power to hire and fire other employees, this standing alone would not be enough under the test above to create executive officer status. Since no material fact is at issue, appellee is entitled to judgment as a matter of law. The motion for summary judgment was properly maintained.
For the reasons assigned, the judgment is affirmed.

AFFIRMED.

. The appeal was dismissed pursuant to a motion by counsel for Levy and Continental, agreed to by counsel for appellant, on the grounds that appellant had acquiesced in the judgment dismissing suit as to these parties in the trial court.