CHEHARDY, Chief Judge.
Plaintiff employee sued his employer’s executive officers and insurers for negligent injury and intentional tort. The employer’s insurers sought summary judgment claiming that the named individual defendants were not executive officers and so were not covered under the employer’s compensation or liability policies. The district court agreed and granted summary judgment for the insurers. Plaintiff appeals. We amend the district court judgment to reflect that partial summary judgment is granted, and remand the case for further proceedings.
Phil John Martin was employed by H.B. Zachry Company as a laborer/construction worker. On September 24, 1975, while working at the Union Carbide Plant job site, he experienced a low back injury when he tripped and fell over concrete reinforcement rods which were partially buried in the muddy ground. In August 1976 Martin brought suit against H.B. Zachry Company and its “[executives and supervisory personnel” in negligence for failure to maintain a safe place to work, failure to correct a dangerous condition that they knew existed on the job site, failure to use reasonable care in directing the construction and failure to warn employees of a dangerous condition on the job site. Fourteen days later plaintiff amended his petition to name as defendants Zachry employees, Norman Creel, Woodrow “Woody” Gray and Huey Arcement. These individuals were never served with process. In January 1977 the tort suit against Zachry was dismissed on exception.
In May 1978 Martin filed a second amended petition alleging that his accident and injury were “the result of an intentional act on the part of H.B. Zachary (sic) and their officers, directors, supervisors and shareholders”. By third amended petition filed in April 1982 plaintiff sued Employers National Insurance Company as the liability insurer of the individual defendants. Employers National answered denying coverage, and by separate pleading intervened in suit as the compensation carrier of H.B. Zachry Company to recover benefits paid or payable to Martin.
By fourth amended petition filed in August, 1986 Martin sued Employers National and Employers Casualty Company as the liability insurers of the individual defendants. Each insurer answered, denying liability for plaintiff’s accident and injury. The insurers then jointly moved for summary judgment arguing that neither provided coverage to the named individuals sued as executive officers. In January 1989 plaintiff successfully defeated the motion by contending that his inability to depose H.B. Zachry Company representative E.M. Hammond left material issues of fact unresolved and precluded summary judgment.
After plaintiff deposed Hammond in March 1989 defendant insurers reurged their no-coverage motions. Summary judgment was granted in favor of the insurers on September 11, 1989. It is from this judgment that Martin now appeals.
Two days before argument on the motion plaintiff filed a fifth amended petition naming Employers National and Employers Casualty as carriers who “insured all coworkers of plaintiff against liability herein detailed, whether these persons are named or unnamed; these defendants likewise insured all executive officers, directors or stockholders”. The defendant insurers responded with exceptions of prescription and no cause or right of action.
Plaintiff’s argument on appeal is that the grant of summary judgment was error because: (1) the insurers did not show that the individually named defendants were not “executive officers” under the broadest application of the term; (2) the amendment of pleading to sue plaintiff’s co-workers raises *53 material coverage issues with respect to both the compensation and liability carriers. Neither argument has merit in this appeal.
The principles which govern this case are found in the Louisiana Code of Civil Procedure. Summary judgment is properly granted when the moving party shows that there is no genuine issue as to material fact and that he is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966. When, as here, the motion is supported by affidavit and other evidence, the adverse party must respond by setting forth specific facts that show a genuine issue for trial, in order to defeat the motion. LSA-C.C.P. art. 967.
Martin sued the insurers as the liability carriers of the named defendants. The insurers moved for summary judgment arguing lack of coverage. Employers National submitted a certified copy of its Standard Workman’s Compensation and Employer’s Liability policy issued to the insured H.B. Zachry Company. The policy, by its terms and conditions, pays “all compensation and other benefits required of the insured by the workmen’s compensation law”. In this instance it provides indemnity and medical benefits to an employee of the insured who sustained injury arising out of and in the course of his employment. With respect to Employer’s Liability Insurance, which protects against liability not covered by the compensation insurance, the policy protects the insured employer H.B. Zachry Company and companies listed in Endorsement # 12. It does not insure the liability of the individually named defendants. Summary judgment in favor of Employers National Insurance Company was properly granted.
Employers Casualty Company provided comprehensive general liability coverage to the named insured H.B. Zachry Company and agreed to pay “all sums which the insured shall become legally obligated to pay as damages.” The policy defines Persons Insured:
Each of the following is an insured under this insurance to the extent set forth below:
* * * * * *
(e) if the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such; ...
In its motion for summary judgment Employers Casualty outlined the legal criteria for determining whether an individual is an executive officer or corporate director. The distinction between an employee and an officer or executive is not determined by the nature of the work performed but by the nature of the relationship of the particular person to the corporation. The inquiry is a factual determination of the extent of the individual’s managerial responsibility with respect to the affairs of the corporation and the degree of closeness he shows to the Board of Directors and high officers in the company. Bruce v. Travelers Insurance Company, 266 F.2d 781 (5th Cir.1959); Employer’s Liability Assurance Corp. v. Upham, 150 So.2d 595 (La.App. 4th Cir.1963).
Hadrick v. Diaz, 302 So.2d 345 (La.App. 1st Cir.1974) established the following as relevant inquiries: (1) was the employee’s position created by corporate charter; (2) was the employee formally elected or designated to his office or position by the Board of Directors, officers or stockholders; (3) did the employee have authority, discretion and managerial responsibility covering the divergent affairs of the corporation; (4) did the employee have duties or authority outside his particular department; (5) was the employee involved in shaping company policy; (6) did the employee possess authority to alter contract terms or conditions or to change specified company procedure; (7) did the employee have several department heads under his supervision; (8) did the employee have a large number of employees under his direction and control; and (9) did the employee have authority to hire and fire other *54 employees? For our purposes the list, while not exhaustive, is illustrative.
In support of its motion Employers Casualty introduced its policy and the affidavit of E.M. Hammond, a vice president of H.B. Zachry Company, who stated that in 1974, Woodrow “Woody” Gray and Huey Arcement were employed as electrical foremen and Norman Creel was employed as an electrical superintendent. None of the individuals had the duties or responsibilities of an executive officer. With respect to each, Hammond answered the Hadrick inquires in the negative with the caveat that Creel supervised and could fire the seven to ten foremen who worked under him and that Gray and Arcement oversaw the work of and could terminate the seven to fifteen men of the crew assigned to them. This authority, Employers Casualty argues, does not create an issue of executive officer status when all other factors weigh against it. Ancrum v. Edward Levy Metals, Inc., 368 So.2d 1225 (La.App. 4th Cir.1979).
In opposition to the summary judgment Martin argued that the term “executive officer” should be broadly read to encompass more than a corporate officer. In Guillory v. Aetna Insurance Company, 415 F.2d 650 (5th Cir.1969), an employee not designated as an “officer” but who possessed general authority to represent the corporation on matters concerning negotiations and contracts, and who had authority to hire and fire the employees, handle union matters and wire checks, was an executive officer for the purpose of liability coverage. In Berry v. Aetna Casualty & Surety Company, 240 So.2d 243 (La.App. 2nd Cir.1970), employees who participated in the formulation and execution of company policy, who were responsible for safety of all hourly employees in the. company and whose position was closely connected with the corporate officers were executive officers and insureds under the policy in question.
Martin argues that a fact issue as to status of Creel, Gray and Arcement as executive officers precludes summary judgment. Treating plaintiff’s reasoning indulgently and viewing his pleadings in the most favored light, we find, as did the district court, that his argument falls short of proof sufficient either to defeat the motion for summary judgment or to alter the judgment on appeal. In response to Employers Casualty’s motion, memorandum and affidavit Martin does not introduce a counter-affidavit or other contradicting proof to refute the argument that the individual defendants were not executive officers or to call their status into question. Bruce, supra. It was shown on motion in fact and in law that they were not executive officers. The grant of summary judgment in favor of Employers Casualty was proper.
As we interpret his second assignment of error Martin argues that the fifth amended petition relates back to the original filing of suit in 1976 and therefore operates retroactively to pre-date the motion for summary judgment. Because the broader pleadings allege that Employers National and Employers Casualty provided liability coverage for all named or unnamed co-workers, executive officers, directors or stockholders, they raise material issues of fact sufficient to defeat the motion for summary judgment. The insurers’ response in brief is that the claim against them raised in the fifth amended petition is prescribed.
While the fifth amended petition was filed by the clerk on September 5, 1989, two days before argument on the motion for summary judgment, there is no evidence that the pleading was considered by the trial judge in ruling on the motion. Rather the evidence supports the opposite conclusion. Both parties’ briefs and arguments are directed to the pleadings as they stood before the fifth amended petition was filed: the issue of whether Creel, Gray and Arcement were “executive officers” for the purpose of liability coverage. The district court’s judgment is founded on the reasoning that these individually named defendants did not enjoy that legal status for the purpose of insurance coverage.
Our review is necessarily limited to the judgment appealed from and the record on *55 which the judgment is founded. LSA-C. C.P. art. 2164. For us to do otherwise would result in our exercising original jurisdiction over matters not addressed at the trial .level. We therefore cannot entertain argument as to the validity of the fifth amended petition within the bounds of this appeal. Any such issue is properly adjudicated first in the district court. See generally, Sylvester v. Qualls, 520 So.2d 1030 (La.App. 3d Cir.1987).
For the foregoing reasons the district court judgment is amended and recast to read as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motion for partial summary judgment by Employers National Insurance Company and Employers Casualty Company be and is hereby granted, dismissing plaintiffs original and first through fourth amended petitions against these defendants at plaintiffs costs.
As amended that judgment is affirmed.
IT IS FURTHER ORDERED that the ease be remanded to the district court for further proceedings on the fifth amended petition.
Costs of this appeal are assessed against plaintiff. LSA-C.C.P. art. 5188.
AMENDED AND AFFIRMED IN PART AND REMANDED.