| iWOODARD, Judge.
Intervenor-appellant, Sabine River Authority, State of Louisiana, appeals from a judgment of the trial court in favor of Sabine Parish Police Jury, plaintiff-appellee. The trial court reversed an administrative ruling of the Alcoholic Beverage Control Board, Dept. of Public Safety, State of Louisiana (hereinafter referred to as ABC Office) which had granted appellant’s request for a liquor license.

*188
ISSUES

Appellant, Sabine River Authority (SRA), assigns the following as error:
(1) Whether the trial court erred in its interpretation of the provisions of La.R.S. 26:81(E) as not affording an exception for a bona fide hotel.
|2(2) Whether the Sabine River Authority is empowered, both by statute and the superior nature of the State’s police power, to develop this project without local governmental interference.
Because our reversal of the trial court judgment hinges on our interpretation of La. R.S. 26:81(E), discussion of the second issue is pretermitted as unnecessary.

FACTS

The facts of this case are not in dispute.
Sabine River Authority applied to the ABC office for a Class A permit for beverages of both high and low alcoholic content for a location on Twin Island Road in Ward 3 of Sabine Parish. The application was related to the proposed construction of a $23 Million facility which was to be known as the Sabine River Authority Conference and Recreation Facility. A private corporation submitted a proposal which included plans for a 100 room motel, 50, 2-bedroom condominiums that would overlook a golf course, and 6, 4-bed-room villas that would overlook Toledo Bend Lake and a golf course, a small chapel, indoor/outdoor swimming pool, physical fitness rooms and a game room for children. The proposal for the construction of the conference and recreational facility is dependent upon the granting of a liquor license.
Sabine Parish Police Jury filed opposition to the application on the grounds that the voters in Ward 3 of Sabine Parish had, by referendum vote and the adoption of a local ordinance, prohibited alcoholic sales in any form.
_JsNotwithstanding, the ABC office granted a permit to the Sabine River Authority after a hearing.
The Sabine Parish Police Jury appealed to the district court for de novo review, pursuant to La.R.S. 26:106, naming the ABC Board as a defendant. The Sabine River Authority intervened as a defendant and requested that the issuance of the alcoholic beverage permit be upheld.
The matter was submitted to the district court without a hearing. The district court revoked the ABC Office’s grant of the permit. This appeal followed and was heard summarily by this court under the provisions of La.R.S. 26:107.

LAW AND ANALYSIS

La.R.S. 26:81 states:
A. No permit shall be granted under this Chapter in contravention of any municipal or parish ordinances adopted pursuant to the zoning laws of the state.
B. (1) No permit shall be issued by the commissioner or by any municipality or parish to authorize any business in any subdivision of the state where the business has been prohibited by referendum vote.
(2) In any subdivision where saloons are prohibited, but package sales of liquor are permitted, Class B package liquor permits may be issued in combination with Class A retail beer permits.
C. When prohibited by municipal or parish ordinance, no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library, or school. In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, and sidewalks, this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church, synagogue, public library, public playground, or school to the nearest point of the premises to be licensed.
D. Outside of municipalities and unincorporated areas which are not divided into subdivisions with streets, blocks, or sidewalks, parish ordinances may extend the prohibition to a distance of five hundred feet of the church, synagogue, public library, school, or playground. The measurement of this distance shall be made in *189 the same manner as the measurement is made in municipalities.
E. The prohibitions in this Section do not apply to any premises which are maintained as a bona fide hotel, or fraternal organization, nor to any premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.
14At trial, the SRA contended that, under the exception provided by La.R.S. 26:81(E), it is entitled to an alcohol beverage permit despite the referendum vote in Ward 3 of Sabine Parish prohibiting the sale of alcohol. See LSA-R.S. 26:81(B)(1).
The trial court, in its written reasons for judgment, stated as follows:
“Next, the SRA maintains that the provisions of LSA-R.S. 26:81 do not apply to a bona fide hotel under the provisions of Section E which reads as follows:
The prohibitions of this Section do not apply to any premises which are maintained as a bona fide hotel, or fraternal organization, nor to any premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.
The SRA cites no authority in support of their contention but argues that the first part of the provisions of Section E, “The prohibitions of this section do not apply to any premises which are maintained as a bona fide hotel” can be read in isolation. However, a reading of the full text of Section E. reveals a comma following the word hotel after which continues, in series, the words “or fraternal organization, nor to any premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.” [Emphasis added]. While a reading of the provisions of Section E. bring[s] [sic] into question its application at all or the provisions of Section B, seemingly being more applicable to Sections C. and D., it is clear that even though grammatically incorrect, by the placement of commas the three entities of hotel, fraternal organization or premises all must be subjected to the one year requirement which is commonly referred to as a “grandfather clause”.”
|5We disagree with the reasoning of the trial court and find that the exception granted in La.R.S. 26:81(E), for premises which are maintained as a bona fide hotel, is not subject to the “grandfather clause” set forth in the last phrase of the sentence.
The construction of this provision is res nova. La.R.S. 1:9 provides an aid to statutory construction:
Unless it is otherwise clearly indicated by the context, whenever the term “or” is used in the Revised Statutes, it is used in the disjunctive and does not mean “and/ or”.
Under La.R.S. 1:3, words and phrases are to be construed according to the common and approved usage of the language. A clear reading of the statute at issue provides that the prohibitions, set forth in §§ A, B, C, and D, do not apply to 1) premises which are maintained as a bona fide hotel, or to 2) any fraternal organization, or to 3) premises which have been licensed to sell alcoholic beverages for more than one (1) year prior to the adoption of the ordinance.
The word “nor” constructs a second unit which is independent to that preceding it. Thus, the phrase “which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of this article” modifies “nor to any premises” and has no reference to that which precedes it, namely, a hotel or fraternal- organization.
Under the trial court’s interpretation of La.R.S. 26:81(E), the phrases “bona fide hotel” and “fraternal organization” would be mere surplusage and unnecessary and the statute could have merely read: |e>“The prohibitions of this Section do not apply to any premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.” However, this is not what the statute says and we cannot ignore its clear construction and resulting impact. Accordingly, we find that the trial court misinterpreted La.R.S. 26:81(E).
*190 In light of our finding above, discussion regarding the SRA’s need for a local or state permit, and of which entity, State or Parish, has sovereign police power, is unnecessary. Assuming arguendo, that the police jury’s police power is considered superior and/or that the SRA is required to apply for a permit, the SRA would, nevertheless, still be entitled to a permit under our interpretation of the prohibitions and exceptions set forth in La.R.S. 26:81.

CONCLUSION

Based on the foregoing, the judgment of the trial court is hereby reversed.

DECREE

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Sabine River Authority, Department of Transportation and Development, State of Louisiana, and against the Sabine Parish Police Jury, reversing the decision of the trial court and reinstating the Commissioner of Alcoholic Beverage Control’s decision, dated June 3, 1994, as to the issuance of any State retail beer and/or liquor permit, including Permit No. 43000226 to the Sabine River Authority, Department of Transportation and Development, State of Louisiana, for operations at a location address of Twin Island Rhode in Ward 3 of Sabine Parish, Louisiana.

REVERSED AND RENDERED.