658 So.2d 240 (1995)
Dan E. O'NEAL, III and Green Street Enterprises, Plaintiffs-Appellants,
v.
JACKSON PARISH POLICE JURY, et al., Defendants-Appellees.
No. 27,452-CA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 1995.
*241 William R. Boone, for appellants.
Walter E. May, Jr., Dist. Atty. by Douglas L. Stokes, Jr., Asst. Dist. Atty., for appellees.
Before MARVIN, BROWN and STEWART, JJ.
MARVIN, Chief Judge.
The plaintiffs, an individual and his corporate business, who have been licensed to sell alcoholic beverages in Jackson Parish since 1983, appeal a judgment rejecting their demands to preliminarily enjoin the police jury from enforcing an ordinance prohibiting the sale of alcoholic beverages that was adopted shortly after the particular ward of the parish voted dry in a local option election in October 1994. See LRS 26:582, 26:595.
Plaintiffs' attack on the validity of the local option election, having been first raised on the day of the preliminary injunction hearing, was not ruled on by the trial court in the judgment that is here appealed. This appeal relates solely to plaintiffs' assertions that the "grandfather" provisions of LRS 26:81 exempt them from the effect of the local option election and the ordinance that became effective January 1, 1995. The trial court did not agree with plaintiffs' contentions and additionally denied plaintiffs a preliminary injunction on the grounds that plaintiffs failed to show "irreparable injury," their harm or loss, if any is legally allowed, being compensable in money. CCP Art. 3601.
Finding no error or abuse of discretion in the trial court's ruling, we affirm. See and compare Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979) and Ouachita Parish Police Jury v. American Waste, 606 So.2d 1341 (La.App. 2d Cir.1992), writ denied.

FACTS
Plaintiffs, Dan E. O'Neal, III and his corporation, Green Street Enterprises, Inc., have been licensed to sell alcohol at a nightclub and at a convenience store in Jackson Parish since 1983. After the local option election was held in October 1994, and in reliance on the "grandfather" provisions of LRS 26:81B(1) and E, plaintiffs sought renewal of their parish liquor licenses for the year 1995, contending the statutory prohibition *242 against licensing a business to sell alcohol in areas that have voted dry by local option election (Subsection B(1)), is expressly made inapplicable to "premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance." (Subsection E).[1]
Subsections A, C and D of the statute, which are not at issue here, refer to other local prohibitions on alcohol sales, such as those relating specifically to zoning ordinances and ordinances restricting the proximity of liquor vendors to a church, school, or other protected area.
The "grandfather clause" in § 81 E, partially quoted supra and more fully discussed infra, grants exceptions or exemptions from "[t]he prohibitions in this Section" and does not, on its face, limit the application of these exceptions to a particular subsection of § 81.
The Jackson Parish Police Jury refused to renew plaintiffs' licenses, having stated in the ordinance:
There is no intention to "grandfather" in any existing operators of businesses having a license to sell alcoholic beverages, the Jackson Parish Police Jury taking the position that the local option election expresses the will of the voters, that such a prohibition is permitted by [LRS] 26:595 [authorizing local option elections and ordinances] and that the "grandfather" provision[s] of [LRS] 26:81 relate to the location of premises permitted to deal in alcoholic beverages [i.e., with respect to their proximity to a church, school, or playground in wards where alcohol sales are generally allowed] and not to businesses located in wards where such businesses have been prohibited by a local option election. (Our emphasis and brackets.)
Agreeing with the police jury's position that the grandfather clause in § 81 has no application in areas voted dry by local option election, the trial court found plaintiffs did not make a prima facie showing that they will prevail on the merits, the threshold requirement for obtaining a preliminary injunction. See American Waste, supra, 606 So.2d at 1350. The court also found plaintiffs' evidence that the prohibition would cause them to lose not only their liquor sales, but also much of their customer base for sales of other products, inadequate to prove irreparable injury, because any such loss would be compensable in monetary damages. CCP Art. 3601; Smith, supra; Prakasam v. Popowski, 566 So.2d 189 (La.App. 2d Cir.1990), writ denied.
The trial court declined to rule on two other issues raised by plaintiffs in a first amended and supplemental petition filed on the day of the preliminary injunction hearing, notwithstanding that some evidence was introduced on these issues, which concern errors in the legal description of Ward One when the wards were reapportioned in 1992, and the effect of these errors on the validity of the 1994 local option election.

SCOPE OF REVIEW
We limit our review to the matters that were adjudicated by the trial court at the preliminary injunction hearing, reserving to the parties the right to fully litigate the issues raised in the first amended and supplemental petition at the trial on the merits. See and compare Gorham v. Mathieson Alkali Works, 210 La. 462, 27 So.2d 299 (1946); and Martin v. H.B. Zachry Co., 560 So.2d 51 (La.App. 5th Cir.1990).
We first review the trial court's finding that plaintiffs failed to make a prima facie showing that their businesses fall within the grandfather clause of LRS 26:81, exempting them from the local option prohibition on alcohol sales. We do not construe the statute in isolation, but as a meaningful, and not an absurd, part of the entire statutory framework and context applicable to the present controversy. Johnston v. Morehouse Parish Police Jury, 424 So.2d 1053 (La.App. 2d Cir. 1982), writ denied; State Dept. of Social Services v. Parker, 595 So.2d 815 (La.App. 2d Cir.1992).
We also note that LRS 26:493 authorizes a parish or subdivision of the state to "prohibit *243 ... the business of wholesaling, retailing and dealing in alcoholic beverages[,]" either by "referendum vote as provided by Chapter 3 of [Title 26] or by ... zoning laws[.]" The Chapter Three referendum vote provisions, LRS 26:581 et seq., are entitled "Local Option [Election]." Our brackets.

STATUTORY SCHEMELOCAL OPTION ELECTIONS
LRS 26:582 authorizes the governing authority of a ward or an incorporated municipality to hold a local option or referendum election once every two years, upon the petition of at least 25 percent of the qualified voters, "to determine whether or not the business of selling alcoholic beverages [of varying alcoholic content, in package form or for consumption on the premises, as described in §§ 584 and 588] shall be conducted and licensed therein." Our emphasis and brackets.
When a majority of the qualified voters determine "that any or all of the businesses described shall not be licensed, the governing authority calling the election may provide for the prohibition by ordinance, and may provide penalties for the violation of the ordinances." § 595; our emphasis.
The substance of these statutes, in the respects mentioned and emphasized, has remained virtually unchanged since at least 1935. The authority of the governing body to issue licenses to sell alcohol is determined by the outcome of the local option or referendum election, even in situations where the governing body has not adopted an ordinance formally recognizing the prohibition and imposing sanctions for its violation. Hughes v. Parish Council, 48 So.2d 823 (La. App. 1st Cir.1950). See the antecedent provisions of §§ 582 and 595 in Acts 1935, 1st Ex.Sess., No. 17; Acts 1948, No. 372; and in the Revised Statutes of 1950 and subsequent amendments noted in West's Louisiana Statutes Annotated.

LRS 26:81
LRS 26:81 appears in Chapter One of Title 26, which chapter is entitled "Alcoholic Beverage Control Law." Section 81 generally deals with restrictions on the issuance of liquor permits by the state commissioner of alcoholic beverage control, and contains five subsections. We summarize and emphasize the first four subsections, labeled A-D, which state that no permit shall be issued
in contravention of local zoning ordinances (Subsection A).
by the commissioner or by any city or parish in areas where alcohol sales have been prohibited by referendum vote (Subsection B).
for premises within 300 feet of a church, synagogue, school, public library or playground, in incorporated areas and in subdivided unincorporated areas which have adopted this prohibition by ordinance (Subsection C).
for premises within 500 feet of a church, school, etc., in unincorporated areas which have not been subdivided and which have adopted this prohibition by ordinance (Subsection D).
Exceptions are recognized in the next subsection, Subsection E, which states, with our emphasis:
The prohibitions in this Section do not apply to any premises which are maintained as a bona fide hotel, or fraternal organization, nor to any premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.

Plaintiffs contend the grandfather clause in Subsection E applies to businesses that would otherwise fall within any of the listed prohibitions, including the one in Subsection B for areas where alcohol sales have been prohibited by local option or referendum vote. Plaintiffs argue that the police jury, and the trial court, erred in construing the grandfather clause as applying only to businesses within a certain distance of a church, school, or other protected establishment.
In support of their interpretation of the statute, plaintiffs cite Sabine Parish Police Jury v. Office of Alcoholic Beverage Control, 94-919 (La.App. 3d Cir. 8/25/94), 643 So.2d 187. There, the court interpreted the § 81 E exception for "premises which are maintained as a bona fide hotel," albeit not for one *244 year or longer, as authorizing the issuance of a state liquor license to the operator of a "conference and recreational facility" in an area where liquor sales had been prohibited by referendum vote (§ 81 B) and by a local ordinance.
The police jury construes the exceptions in § 81 E as applying only to those subsections that refer to ordinances limiting the location of liquor vendors in areas where alcohol sales are generally allowed (Subsections A, C and D). Noting that Subsection B refers only to prohibitions adopted by local option or referendum vote, the police jury claims local option elections will have little meaning if the exception for existing businesses in Subsection E is applied to § 81 B, to effectively mandate the renewal of existing liquor permits in areas where the voters have expressed their desire to prohibit alcohol sales.

DISCUSSION
The trial court interpreted § 81 in the manner suggested by the police jury, without explicitly discussing its legislative history. The reasonableness of the trial court's interpretation becomes manifest when the legislative history is examined.
By Acts 1902, No. 221, local governing authorities were prohibited from licensing alcohol sales in areas voted dry by local option election. The prohibition was applied to licensure by the state by Acts 1934, No. 15, upon the repeal of the 18th Amendment to the U.S. Constitution by the 21st Amendment. No exceptions or exemptions from this prohibition appeared in either Louisiana act.
The unqualified prohibition, in substantially the same language as appears in the present § 81 B, was reenacted by Acts 1948, No. 360, Section 19:
No permits shall be issued by the Board or any municipality or parish to authorize any business in any subdivision of the State where such business has been or may hereafter be prohibited by referendum vote.
The source of § 81 E's grandfather clause was Section 54 of the 1948 act, by which local governing authorities were authorized to enact ordinances prohibiting alcohol sales in specified locations within cities or parishes where such sales were otherwise allowed:
Governing authorities of parishes and municipalities shall have authority ... to enact ordinances to prohibit the conduct of businesses authorized [to sell alcohol] when located within ... 300 feet, in the instance of municipalities, and ... 500 feet in the instance of parishes, of a building used exclusively as a regular church or synagogue, public library, parish or municipal public playground or school ... and no permit, state or local shall be issued in contravention of any such ordinance.... This prohibition shall not apply to any premises which are maintained as a bona fide hotel, railway car, or fraternal organization, nor to any premises which has been licensed to deal in [alcoholic] beverages for a period of one year or longer prior to the adoption of such ordinance. (Our emphasis and brackets.)
When the Revised Statutes were enacted in 1950, the section now designated as § 81 of Title 26 was enacted as § 80 of that title, and contained three subsections:
Subsection A prohibited the issuance of permits in contravention of local zoning ordinances.
Subsection B prohibited the issuance of permits "by the board or by any municipality or parish to authorize any business in any subdivision of the state where that business has been prohibited by referendum vote."
Subsection C authorized local governing authorities to prohibit sellers of alcohol from locating their business within 300 feet of a church, school, etc., inside municipalities, and within 500 feet of a church, school, etc. outside of municipalities. This subsection further provided: "No state or local permit shall be issued in contravention of any such ordinance. * * * The prohibition in this Subsection does not apply to any premises which are maintained as a bona fide hotel, railway car, or fraternal organization, nor to any premises which has been licensed to deal in alcoholic beverages for a period of one year or *245 longer prior to the adoption of the ordinance." (Our emphasis.)
These provisions of the statute remained essentially unchanged for over 35 years, until Title 26 was amended by Acts 1987, No. 696. Section 80 was then reenacted as § 81, and was placed in its present form, with five subsections, labeled A-E:
Subsection A prohibits the issuance of permits in contravention of local zoning ordinances.
Subsection B prohibits the issuance of permits "by the commissioner or by any municipality or parish to authorize any business in any subdivision of the state where the business has been prohibited by referendum vote."
Subsection C, as originally enacted, allowed local governing authorities to pass ordinances prohibiting alcohol sales "within a certain distance" of a church, school, etc., and directed that this distance was to be measured "as a person walks using the sidewalk," in municipalities and in unincorporated areas which have been subdivided, but did not quantify the distance within which the prohibition was allowed in these areas. The distance was specified as 300 feet by Acts 1988, No. 845.
Subsection D allows parish ordinances to prohibit alcohol sales within 500 feet of a church, school, etc., outside of municipalities and in unincorporated areas which are not divided into subdivisions.
Subsection E, as originally enacted, provided: "The prohibition [singular] in this Section do [plural] not apply to any premises which are maintained as a bona fide hotel, or fraternal organization, nor to any premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance." (Our emphasis and brackets.)
On the authority of LRS 24:253, which allows the Louisiana State Law Institute to correct "manifest typographical and grammatical errors" in legislative acts before submitting them to the printer, the word "prohibitions" was substituted for "prohibition" in Subsection E.
The legislature has not amended the statute since 1988, when Subsection C was clarified.
The preamble to the 1987 amendment of Title 26 expresses the legislature's intent
to generally revise laws regulating alcoholic beverages; to provide for permits and fees; to provide prohibitions and penalties; to provide for the administration and enforcement of laws regulating alcoholic beverages; to define terms; to provide for taxes applicable to alcoholic beverages and to provide exemptions therefrom; and to provide for related matters.
Sections 582 and 595, allowing local option elections and ordinances, respectively, and more fully discussed supra, were reenacted without change in the 1987 revision.
If, as plaintiffs suggest, the grandfather clause in § 81E, as enacted in 1987, now gives businesses which have been licensed to sell alcohol for at least one year an exemption from the prohibition on alcohol sales in areas which have voted dry by local option election, we conclude the 1987 legislation has obviously and significantly broadened the scope of the grandfather clause and has greatly diminished the effectiveness of local option or referendum elections, which may be called every two years. § 582C.
Statutory language which appears to be quite broad on its face, and which, by its apparent breadth, poses a potential conflict with other statutes on the same subject, may be interpreted restrictively rather than literally if the more restrictive interpretation will give effect to each of the provisions as a reasonable part of the comprehensive statutory scheme, in a manner that honors the legislative intent and purpose. See and compare Green v. Louisiana Underwriters Ins. Co., 571 So.2d 610 (La.1990), and Johnston v. Morehouse Parish Police Jury, cited supra.
In our view, the statutory scheme of Title 26 as a whole, in light of the longstanding deference that the legislature has given to the voters to decide whether the sale of alcohol should be licensed and conducted in their locality (§ 582), compels the conclusion *246 that the grandfather clause in § 81 E, for businesses such as plaintiffs' which have been licensed to sell alcohol for at least one year, does not authorize or require the renewal of plaintiffs' liquor licenses in the face of the local prohibition on alcohol sales "by referendum [or local option] vote" under § 81 B. This is true irrespective of whether the police jury exercises its option to adopt an ordinance formally recognizing the local option prohibition and providing penalties for its violation (§ 595), and in light of the legislative history of § 81, which we have summarized. A state subdivision that votes "wet" under Chapter Three of Title 26 in a given year, may vote "dry" two years later. § 582 C.
To the extent that the third circuit's opinion in Sabine Parish Police Jury v. Office of Alcoholic Beverage Control, cited supra, is found to conflict with our interpretation of § 81 B and E, we respectfully decline to follow that opinion.

CONCLUSION
At a preliminary injunction hearing, the trial court must determine whether the plaintiff has made a prima facie showing that he will prevail on the merits and has shown either that he will suffer irreparable injury without immediate injunctive relief or that he is exempt from the requirement of showing irreparable injury. For instance, irreparable injury need not be shown if the conduct sought to be enjoined is unlawful. Ouachita Parish Police Jury v. American Waste, supra.
Plaintiffs argue for such an exemption here, claiming the police jury's refusal to renew their licenses under the grandfather clause of § 81 was unlawful. This argument, however, is premised on plaintiffs' strained and overly broad construction of the statute, which the trial court correctly declined to adopt when it ruled that plaintiffs had not made a prima facie showing of success on the merits.

DECREE
Finding no error or abuse of discretion in that ruling, or in the court's finding that plaintiffs' injury was, by their own expert's admission, compensable monetarily, we affirm the judgment denying a preliminary injunction. Costs of this appeal are assessed to the plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Subsection B(2) of § 81 is not pertinent to this appeal. We hereafter refer to Subsection B(1) simply as Subsection B.