702 So.2d 342 (1997)
GULFCO FINANCE COMPANY, Plaintiff-Appellee,
v.
Robert L. BOYD, a/k/a Robert Boyd and Joan A. Boyd, a/k/a JoAnn A. Boyd, Defendants-Appellants.
No. 29975-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
Writ Denied February 6, 1998.
*343 S.P. Davis, Sr., Shreveport, for Defendants-Appellants.
Rogers & Hearne by Fred A. Rogers, III, W. Lake Hearne, Shreveport, for Plaintiff-Appellee.
Before MARVIN, C.J., and WILLIAMS and CARAWAY, JJ.
MARVIN, Chief Judge.
In this action seeking a deficiency judgment after a foreclosure sale by executory process of an automobile purchased partially on credit, the debtors, Robert and Joan Boyd appeal a summary [deficiency] judgment granted on the creditor's motion.
The Boyds primarily attack the foreclosure sale on the grounds that the car was not properly appraised and also complain that the trial court should have been bound by its earlier ruling on Gulfco's exception of no cause of action to the Boyds' reconventional demand for damages. The trial court earlier denied in part Gulfco's no cause of action, reasoning that an appraisal on the date of the sale of secured property rendered the appraisal invalid and served to defeat a later action for a deficiency judgment. The trial court's grant of the summary judgment reached the opposite conclusion. Gulfco answered the appeal to seek additional attorney fees.
We amend to increase attorney fees and affirm the amended summary judgment.

FACTS
The automobile, a 1988 Chrysler, was purchased by Boyd in 1990 under La. R.S. Title 10-9, Commercial Laws [a UCC Financing Statement], and served as security for credit given by Gulfco Finance Co., Inc. The Boyds obligated themselves on a secured promissory note and mortgage on the car to Gulfco for $15,311, payable in 36 consecutive monthly installments, the last 35 of which were $424. A UCC-1 Financing Statement in accord with Title 10-9 [Commercial Laws Secured Transactions adopted in 1988] was executed and recorded with the Office of Motor Vehicles, Department of Public Safety.
Alleging the Boyds' failure to pay monthly installments after August 31, 1993, Gulfco instituted this action by executory process in the Shreveport City Court, alleging an outstanding balance of $2,652. The Chrysler was seized and after advertisement was sold at a Marshal's sale on December 1, 1993, producing net proceeds of $1,072. The Boyds made no formal appearance in that action, but responded to the later deficiency judgment action with a reconventional demand for damages for wrongful seizure and sale.
The Boyds alleged they were unable to appraise the car because the Shreveport City Court offices were closed on the scheduled date for appraisal, and they were never notified of a new appraisal date. The "Notice to Appoint Appraisers" given to the Boyds stated the appraisal date was the Friday [November 26, 1993] before the sale. Because the Shreveport City Hall was closed on that date, a legal holiday, the Boyds asserted they were unable to appraise the car. The car was appraised on the date of the sale, December 1, but not by the Boyds.
After Gulfco's exception of no cause of action to the Boyds' reconventional demand was sustained in part [wrongful seizure] and denied in part [defect in appraisal], Gulfco moved for summary judgment. In their exception of res judicata the Boyds argued that the partial denial of Gulfco's no cause of action exception was a final judgment which barred relitigation of the issue of Gulfco's entitlement to a deficiency judgment. The *344 res judicata exception was overruled by the trial court. Relying on Ford Motor Credit Co. v. Melancon, 95-1221 (La.App. 3d Cir. 6/19/96), 677 So.2d 145 [security interests created under Chapter 9 of the Louisiana Commercial Laws (10:9-101, et seq.) are not governed by Louisiana's deficiency judgment laws], the trial court concluded that a deficiency judgment is not barred by an appraisal defect and granted Gulfco's motion for summary judgment. The court awarded Gulfco $600 in attorney's fees.
The Boyds complain that the trial court should not have granted summary judgment because genuine issues of material fact exist as to whether Gulfco is entitled to a deficiency judgment and as to whether the issue of that entitlement had been previously litigated through the denial of Gulfco's exception of no cause of action. These "issues," however, in our view, are not of material "facts," but are clearly issues of law.

DISCUSSION
For support of their appraisal argument, the Boyds mistakenly rely on Massey-Ferguson Credit Corp. v. Douglas, 448 So.2d 817 (La.App. 2d Cir.1984), writ denied, 450 So.2d 360 (La.1984), a case which was decided before Title 10-9 was adopted in 1988.
We agree that the financing agreement between the Boyds and Gulfco is a Title 10-9 security interest. La. R.S. 10:9-102(1)(a) states that Chapter 9 applies "to any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures including goods..." (emphasis ours) "Personal property" is defined in La. R.S. 10:9-102(4)(d) as "movable property." The term "goods" is defined in Chapter 9's definitions section as including "all things which are movable at the time the security interest attaches ..." La. R.S. 10:9-105(1)(h). "Goods" is also classified in La. R.S. 10:9-109(1) as including "consumer goods" when "they are used or bought for use primarily for personal, family or household purposes." An automobile falls under the categories of both personal property and goods. Ford Motor Credit Co. v. Melancon, supra, at 149. In addition, specific references to motor vehicles are made in other sections of the Commercial Laws.[1]
According to La. R.S. 10:9-203(1), three things must occur in order for a security interest to attach or become enforceable against the debtor: value must be given, the debtor has to have rights in the collateral, and either the security agreement contains a description of the collateral or the collateral is in the secured party's possession pursuant to an agreement. The Boyds received "value" because they borrowed $15,311 from Gulfco, as evident by the promissory note. The Boyds granted a security interest in collateral that they had rights in, the car. The act of mortgage executed by the parties is a "security agreement" as it is simply "an agreement which creates or provides for a security interest." La. R.S. 10:9-105(1)(l). The vehicle is described in the act of mortgage by its make, model year and serial number. A description is sufficient if it "reasonably identifies what is described." La. R.S. 10:9-110. A Chapter 9 security interest in the car was created by the contract between the Boyds and Gulfco.
A security interest in an automobile is perfected by filing a financing statement with the Department of Public Safety and Corrections, office of motor vehicles. La. R.S. 10:9-401(1)(a). La. R.S. 10:9-402 sets forth the formal requirements for financing statements.
The UCC-1 Financing Statement between these litigants, which states that it is the "LOUISIANA APPROVED FORM UCC-1, SECRETARY OF STATE W. FOX McKEITHEN," substantially complies "with the requirements of this Section [and] is effective even though it contains minor errors which are not seriously misleading." La. R.S. 10:9-402(8).
By Act 137 of 1989, the legislature amended provisions of the Deficiency Judgment Act and articles of the Code of Civil Procedure. The legislature's intent in enacting Act 137 of 1989 was to:
[A]mend the preexisting Louisiana security device laws to accompany and accommodate *345 implementation of Chapter 9 of the Louisiana Commercial Laws (R.S. 10:9-101, et seq.) as previously enacted under Act 528 of 1988. It is further the intent of the legislature that these preexisting Louisiana laws, including without limitation the various statutes and code articles amended and reenacted under this Act, not be expressly or impliedly repealed by Chapter 9 of the Louisiana Commercial Laws, but that such laws remain in effect and be applied to preexisting secured transactions and, at times when so provided, be applied to secured transactions subject to Chapter 9 of the Louisiana Commercial Laws.
1989 La. Acts 137, § 20.
La. R.S. 13:4106, which prohibits deficiency judgments if a sale is made without an appraisal, was amended by Act 137 to read in part:
§ 4106. Deficiency judgment prohibited if sale made without appraisement
....
C. This Section is limited to judicial sales of mortgaged property and shall not apply to public or private sales of collateral subject to Chapter 9 of the Louisiana Commercial Laws or any similar statute.

Our emphasis.
La. R.S. 13:4108.2, which limited the availability of deficiency judgments without an appraisal for an obligation based upon consumer transactions, was also amended by Act 137 to provide in part:
§ 4108.2. Deficiency judgment when obligations based on consumer transaction
. . . . .
B. For purposes of this Section, the following terms shall have the following meanings:
(1) "Consumer transaction" means any transaction entered into for personal, family, or household (noncommercial) purposes and particularly includes transactions that are secured by residential immovable property, but excluding secured transactions for consumer purposes that are subject to Chapter 9 of the Louisiana Commercial Laws....
Our emphasis.
La. R.S. 13:4108.3 was added by Act 137 to specifically address the relationship between the Deficiency Judgment Act and Chapter 9 secured transactions. It states:
§ 4108.3. Relation to Chapter 9 of the Louisiana Commercial Laws
The rights or absence thereof of a secured creditor to pursue and collect a deficiency from a debtor, guarantor, or surety in connection with a secured transaction subject to Chapter 9 of the Louisiana Commercial Laws (R.S. 10:9-101, et seq.) shall be exclusively subject to the provisions of Chapter 9.

Our emphasis.
Similar language excluding Chapter 9 secured transactions also amended pertinent articles of the Code of Civil Procedure. For instance, La. C.C.P. art. 2771 was amended by Act 137 so as to require appraisals for deficiency judgments "[u]nless otherwise provided by law."[2] La. C.C.P. art. 2723 was amended by Act 137 to state that "[t]here is no requirement that seized property subject to a security interest under Chapter 9 of the Louisiana Commercial Laws (R.S. 10:9-101, et seq.), be appraised prior to the judicial sale thereof." (Our emphasis).
Ford Motor Credit Co. v. Melancon, supra, cited by Gulfco in support of its position that Chapter 9 secured transactions are exempt from the Louisiana Deficiency Judgment Act, is not squarely on point on its facts. That case involved a voluntary repossession and a subtraction of the car's agreed-upon value from the outstanding balance prior to suit being filed, not a judicial sale pursuant to executory process.
*346 Reviewing the amendments mentioned above, we conclude that the legislature has clearly expressed an intent in Act 137 to exclude Commercial Law transactions from application of the Deficiency Judgment Act. This is apparent in all of the amendments to the Deficiency Judgment Act, but especially through the addition of La. R.S. 13:4108.3, with its language that the rights of a Chapter 9 secured creditor "shall be exclusively subject to the provisions of Chapter 9." (emphasis ours) We also again note that the last sentence of La. C.C.P. art. 2723 was amended by Act 137 to clearly state that there is no requirement of an appraisal before judicial sale of seized property subject to a Chapter 9 security interest.
O'Neal v. Jackson Parish Police Jury, 27,452 (La.App.2d Cir. 6/21/95), 658 So.2d 240 provides guidance:
Statutory language which appears to be quite broad on its face, and which, by its apparent breadth, poses a potential conflict with other statutes on the same subject, may be interpreted restrictively rather than literally if the more restrictive interpretation will give effect to each of the provisions as a reasonable part of the comprehensive statutory scheme, in a manner that honors the legislative intent and purpose.

Id. at 245.
La. R.S. 13:4108.3 does not make a distinction between judicial and non-judicial sales. It simply says that a secured creditor is governed solely by Chapter 9 when pursing a deficiency judgment for a Chapter 9 security interest. Interpreting "judicial sales" in La. R.S. 13:4106(C) to exclude judicial sales of Chapter 9 collateral reconciles and makes consistent the provisions of all laws amended by Act 137 of 1989. Judicial sales of Chapter 9 collateral are exempted from the Deficiency Judgment Law's requirements.[3]
Chapter 9 allows for the judicial disposition of security interests, including by executory process, as provided in La. R.S. 10:9-501(1). Thomas A. Harrell, A Guide to the Provisions of Chapter Nine of Louisiana's Commercial Code, 50 La.L.Rev. 711, 787 (1990). When a debtor is in default under a security agreement, the secured party has the rights and remedies provided in Part 5 of Chapter 9 and in the security agreement, except as limited by La. R.S. 10:9-501(3). Among the limitations imposed by La. R.S. 10:9-501(3) is compliance with Subsections 2 and 3 of La. R.S. 10:9-504. La. R.S. 10:9-504(2) states that the secured party must account to the debtor for any surplus, and unless agreed otherwise, the debtor is liable for any deficiency. La. R.S. 10:9-504(3) allows collateral to be sold at private or public sale, with or without appraisal, so long as every aspect of the sale is conducted in good faith and in a commercially reasonable manner. An example of a sale that is commercially reasonable is one that is approved in a judicial proceeding. La. R.S. 10:9-507(2). A sale pursuant to a court order is obviously a sale approved in a judicial proceeding. The benefit of appraisal in the event of a seizure and sale under judicial process was expressly waived by the Boyds in the act of mortgage.

Res Judicata
The Boyds next argue that Gulfco is attempting to relitigate the issue of its entitlement to a deficiency judgment despite the trial court having already decided that issue. We do not agree. The partial denial of Gulfco's peremptory exception of no cause of action is not a final judgment. La. R.S. 13:4231 describes a judgment as having res judicata effect when it is a "valid and final judgment." Denial of the peremptory exception of no cause of action, wholly or in part, is an interlocutory judgment. Fleniken v. Allbritton, 566 So.2d 1106, 1111 (La.App. 2d Cir.1990). The trial court obviously had time to more thoroughly review the law after ruling on Gulfco's exception of no cause of action *347 when it later considered Gulfco's motion for summary judgment and is to be commended, not faulted, for doing so.

Attorney fee
Gulfco has answered the appeal seeking an increase in the award of attorney fees to compensate for additional work performed in this appeal. The Boyds do not address this issue in their brief. The note and mortgage allow an attorney's fee of 25 percent of the unpaid balance. The trial court awarded $600 in attorney's fees. Gulfco argues that the unpaid balance as of the date of judgment exceeds $4,600 when accrued interest is included, and that 25 percent of that amount exceeds $1,000. We consider only whether the amount of the attorney fee, and not the percentage, is reasonable. City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397 (La.1987).
Considering the briefs in this record, we shall amend the judgment to compensate Gulfco for reasonable attorney fees at this level and shall increase the award by $300.

DECREE
We amend the summary judgment to increase the attorney fee award to $900. As amended, at the cost of appellant, the judgment is AFFIRMED.
NOTES
[1] For example, see 10:9-401(1)(a) and 109:402(1).
[2] Art. 2771. When deficiency judgment obtainable

Unless otherwise provided by law, the creditor may obtain a judgment against the debtor for any deficiency due on the debt after the distribution of the proceeds of the judicial sale only if the property has been sold under the executory proceeding after appraisal in accordance with the provisions of Article 2723. Act 137 substituted "Unless otherwise provided by law, the" for "The" at the beginning of the article.
[3] See Sterling S. Willis, Special Commentary-Foreclosures and Creditor's Rights Under Chapter 9 of the Louisiana Commercial Laws, § XIV(A)(3), LSA-C.C.P. Ch. 3, Sec. 6, Refs & Annos: "The Deficiency Judgment Act presumably does not apply to executory process of movable property."

See also Sterling S. Willis and Henry F. O'Connor, III, Article 9 Remedies, § III(B)(2), LSA-C.C.P. Ch. 3, Sec. 6, Jud Sales, Exe: "The Deficiency Judgment Act (R.S. 13:4106 et seq.) should not apply to executory process of movable property."