| THIBODEAUX, Judge.
Cole-Miers Post 3619 V.F.W. of Derid-der (hereinafter “V.F.W.”) appeals the judgment of the trial court denying its attempt to secure a Class A general beer and liquor permit from the Office of Alcoholic Beverage Control. For the reasons which follow, we reverse the trial court’s judgment and order the Office of | ^Alcohol and Tobacco Control[1] to issue a Class A *600 general beer and liquor permit to the V.F.W.
I.

ISSUE

We shall consider whether the V.F.W. is entitled to a Class A general beer and liquor permit pursuant to the exception contained in La.R.S. 26:81(E).
II.

FACTS

The V.F.W. is located in Ward 8 of Beauregard Parish. On December 4, 1976, Beauregard Parish voted by referendum to prohibit the sale of alcoholic beverages in Ward 3.
On June 2, 1997, the V.F.W. applied for a Class A general beer and liquor permit authorizing the sale of alcoholic beverages. By letter dated July 7, 1997, the Office of Alcoholic Beverage Control denied the V.F.W.’s application. It stated: “No permit shall be issued by the Commissioner or Local authorities to authorize the conduct of business in any subdivision of the state wherein that business has been prohibited by referendum vote.”
III.

LAW AND DISCUSSION

Standard of Review
Appellate review of a question of law is a determination of whether the trial court’s judgment is legally correct or incorrect. Scobee v. Brame, 98-564 La.App. 3 Cir. 10/28/98); 721 So.2d 977; unit denied, 98-2952 (La.1/29/99), 736 So.2d 833. The trial court’s decision is not entitled to deference if it was based on an erroneous application of the law. Id. The interpretation of a statute presents a question of law. Jacquet v. Southern Structures, Inc., 97-1696 (La.App. 3 Cir. 5/20/98); 713 So.2d 723.
Applicability of La.R.S. 26:81(E)
Louisiana Revised Statutes 26:81 provides in relevant part:
A. No permit shall be granted under this Chapter in contravention of any municipal or parish ordinances adopted pursuant to the zoning laws of the state.
B. (1) No permit shall be issued by the commissioner or by any municipality or parish to authorize any business in any subdivision of the state where the business has been prohibited by referendum vote.
[[Image here]]
E. The prohibitions in this Section do not apply to any premises which are maintained as a bona fide hotel, or fraternal organization, nor to any premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.
At trial, the V.F.W. argued that pursuant to the exception provided by La.R.S. 26:81(E), it is entitled to a liquor permit despite the referendum vote in Ward 3 of Beauregard Parish prohibiting the sale of alcohol. In finding that the V.F.W. was properly denied the liquor permit, the trial judge stated in his reasons for judgment that “[i]t is neither clear nor convincing that Section E is intended as an exception to Section B by the legislature.” Moreover, citing O'Neal v. Jackson Parish Police Jury, 27,452 (La.App. 2 Cir. 6/21/95); 658 So.2d 240, the trial judge stated that a restrictive interpretation of the statute was consistent with the legislative intent to ensure the “effectiveness of local option or referendum elections.”
|4The starting point in the interpretation of a statute is the language of the statute itself. Touchard v. Williams, 617 So.2d 885 (La.1993). When a law is clear and unambiguous, and its application does not lead to absurd consequences, it *601 shall be applied as written, with no further interpretation made in search of the legislative intent. La.Civ.Code art. 9. “A part or section of an act should be interpreted in connection with the rest of the act....” Hall v. Hall, 617 So.2d 204, 206 (La.App. 3 Cir.1993).
In this case, we find that the trial judge committed an error of law in his interpretation of La.R.S. 26:81(E). The exception provided by La.R.S. 26:81(E) permits the issuance of a liquor permit to a fraternal organization, notwithstanding the prohibition set forth in La.R.S. 26:81(B). As we recognized in Sabine Parish Police Jury v. Office of Alcoholic Beverage Control, Dep’t of Pub. Safety, State, 94-919, p. 5 (La.App. 3 Cir. 8/25/94); 643 So.2d 187, 189 (emphasis added):
[a] clear reading of the statute at issue provides that the prohibitions, set forth in §§ A, B, C, and D, do not apply to 1) premises which are maintained as a bona fide hotel, or to 2) any fraternal organization, or to 3) premises which have been licensed to sell alcoholic beverages for more than one (1) year prior to the adoption of the ordinance.
We reject the trial judge’s contention that a further determination of legislative intent is necessary to interpret La.R.S. 26:81(E). Because the statute is clear and unambiguous, it must be enforced as written. However, we note that the structure of La.R.S. 26:81 indicates that Section 81(E) is intended to apply to Subsections (A-D). If the legislature had intended that the exception apply only to certain subsections, it would have placed the exception within those subsections. Notably, the exception is contained in a separate subsection which follows Subsections (AD). Thus, Section 81(E) “does not, on its face, limit the application of these exceptions to a particular subsection of § 81.” O’Neal, 658 So.2d at 242. |fiMoreover, we reject the trial judge’s conclusion that because the last clause of La.R.S. 26:81(E) refers to ordinances and not referendum votes, the exception only applies to those subsections which address prohibitions that are adopted as a result of local ordinances. As we recognized in Sabine, the phrase “prior to the adoption of the ordinance” simply modifies “premises which have been licensed to deal in alcoholic beverages.” The phrase “has no reference to that which precedes it” and does not otherwise restrict the scope of the exception. Sabine Parish Police Jury, 643 So.2d at 189.
Fraternal Organization
The definition of “fraternal organization” does not appear in La.R.S. 26:81, and we have not previously addressed the meaning of the term in the context of La.R.S. 26:81. In his reasons for judgment, the trial judge reasoned that the V.F.W. is not a fraternal organization, finding that it “is run more as a commercial business for the purpose of raising monies.... ” We disagree and find that for the purpose of La.R.S. 26:81(E), the V.F.W. is a fraternal organization.
The insurance code provides guidance as to the definition of “fraternal organization.” Louisiana Revised Statutes 22:541 defines a “fraternal benefit society” as follows:
any incorporated society, order, or supreme lodge, without capital stock, including one exempted under the provisions of R.S. 22:578(A)(2), whether incorporated or not, conducted solely for the benefit of its members and their beneficiaries and not for profit, operated on a lodge system with ritualistic form of work, having a representative form of government, and which provides benefits in accordance with this Part.
Moreover, Black’s Law Dictionary (4th ed.) defines “fraternal” as “brotherly; relating or belonging to a fraternity or an association of persons formed for mutual aid and benefit, but not for profit.”
|fiThe V.F.W. argues that it is a nonprofit organization whose primary purpose is “to give aid and comfort to Veterans of *602 Foreign Wars, their widows, and orphans. At trial, the commander of the V.F.W., Bill Lambright, testified that the V.F.W. has been in existence since May 8, 1937. He testified that his V.F.W. post currently has 561 members and is part of a national organization with posts around the United States and overseas. He stated that in order to become a member of the V.F.W., an applicant must have served in the United States Armed Services and must have fought in a foreign war. He explained that the V.F.W. donates its time and money to charitable causes and is governed by a hierarchy of officers.
Considering these facts, we conclude that the V.F.W. is a fraternal organization. Accordingly, pursuant to the exception provided by La.R.S. 26:81(E), the V.F.W. is entitled to a Class A general beer and liquor permit.
IV.

CONCLUSION

Based on the foregoing reasons, the judgment of the trial court is reversed. The Office of Alcohol and Tobacco Control is ordered to issue a Class A general beer and liquor permit to the V.F.W. Court costs in the amount of $888.71 are assessed to the Office of Alcohol and Tobacco Control.
REVERSED.
PICKETT, J., DISSENTS WITH WRITTEN REASONS.

. The Office of Alcoholic Beverage Control was renamed the Office of Alcohol and Tobac *600 co Control.