978 So.2d 443 (2007)
The SHERWOOD FOREST COUNTRY CLUB
v.
Elmer B. LITCHFIELD, as Sheriff and Ex Officio Tax Collector for East Baton Rouge Parish, and Brian Wilson, as Assessor of East Baton Rouge Parish.
No. 2007 CA 0989.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
Writ Granted April 25, 2008.
*444 Burgess E. McCranie, Jr., Mark E. Hanna, Eugene T. Rhee, Metairie, LA, for Plaintiff/Appellee, The Sherwood Forest Country Club.
Brian A. Eddington, Baton Rouge, LA, for Defendant/Appellant, Brian Wilson, Assessor for East Baton Rouge Parish.
Leu Anne Lester Greco, Baton Rouge, LA, for Defendant/Appellee, Sheriff Elmer B. Litchfield.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McDONALD, J.
Brian Wilson, in his capacity as Assessor for East Baton Rouge Parish (Assessor), appeals a summary judgment granted in favor of the plaintiff, Sherwood Forest Country Club (SFCC). For the reasons that follow, we affirm.

BACKGROUND
The facts in this case are uncontested. In December 2005, SFCC paid, under protest, ad valorem taxes in the amount of $21,100.38. On January 19, 2006, SFCC filed suit against the Assessor and Elmer B. Litchfield, the Sheriff of East Baton Rouge Parish, in his capacity as Ex-Officio Tax Collector for the parish (Sheriff Litchfield), seeking a refund of these taxes, as well as a declaration that it was exempt from ad valorem taxes as a fraternal organization pursuant to Article VII, section 21 of the Louisiana Constitution of 1974, which provides, in pertinent part:
In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
* * *
(B)(l)(a)(i) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax[.]
Thus, to obtain an exemption from ad valorem taxation pursuant to this provision, SFCC was required to demonstrate that: (1) it is a nonprofit corporation organized and operated exclusively for fraternal purposes; (2) no part of its net earnings benefit any private shareholder; and (3) it has been declared exempt from federal and state income tax.
On September 15, 2006, SFCC filed a motion for summary judgment.[1] In support of this motion, SFCC submitted various affidavits and other documentary evidence to support its claim that it met all of the above criteria, The Assessor did not submit any evidence to contradict these claims. Moreover, the Assessor did not contest SFCC's status as a nonprofit corporation that had been declared exempt from income tax or SFCC's claim that no portion of its net earnings inured to the benefit of any private shareholder. Thus, the sole remaining issue before the trial court was whether SFCC was operated exclusively for fraternal purposes.
*445 After a hearing, the trial court granted the motion and signed a judgment finding that the ad valorem tax had been assessed and collected illegally from SFCC. The judgment further ordered Sheriff Litchfield to refund the taxes SFCC had paid under protest, plus interest. Finally, the judgment declared SFCC to be exempt from ad valorem taxation. This appeal by the Assessor followed.

DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Duplantis v. Dillard's Department Store, XXXX-XXXX, p. 5 (La.App. 1 Cir. 5/9/03), 849 So.2d 675, 679, writ denied, XXXX-XXXX (La.10/10/03), 855 So.2d 350. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
As noted above, the facts in this matter are undisputed. The sole issue before this court is whether SFCC was operated exclusively for fraternal purposes within the meaning of the exemption granted by Article VII, section 21(B) of the Louisiana Constitution of 1974. According to its restated articles of incorporation, SFCC is "organized to own, operate and maintain a country club house and grounds, a golf course, tennis courts and swimming pools, and to provide other forms of recreation, amusement and entertainment as country clubs usually provide." Furthermore, in his affidavit, G. William Abraham, the president of SFCC, asserted that the property owned by SFCC is not used for any commercial purpose unrelated to SFCC's fraternal purposes and activities.
There is no dispute as to the types of activities provided by SFCC for its members. Nevertheless, the parties disagree as to the characterization of those activities. Specifically, the Assessor contends on appeal that SFCC is not operated exclusively for fraternal purposes because, as provided in its restated articles of incorporation, it operates its facilities for the purpose of providing recreation, amusement, and entertainment to its members. According to the Assessor, the exemption from ad valorem tax granted by Article VII, section 21(B) of the Louisiana Constitution of 1974 does not apply to organizations operated for those purposes; therefore, the exemption is inapplicable.
Louisiana courts have consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. A tax exemption, being an exceptional privilege, must be expressly and clearly conferred in plain terms and must be unequivocally and affirmatively established by the taxpayer. See Willis-Knighton Medical Center v. Caddo-Shreveport Sales and Use Tax Commission, XXXX-XXXX, p. 37 (La.4/1/05), 903 So.2d 1071, 1094.
Constitutional provisions are to be construed and interpreted by the same rules as are other laws. Louisiana Department of Agriculture and Forestry v. Sumrall, 98-1587, p. 4 (La.3/2/99), 728 So.2d 1254, 1258. Generally, courts begin such an interpretation with the premise that legislation is the solemn expression of legislative will, and that the interpretation of a law involves a search for the legislature's intent. LSA-C.C. art. 1; Falgout v. Dealers Truck Equipment Co., 98-3150, p. 2 (La.10/19/99), 748 So.2d 399, 401. When a *446 law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9. Moreover, the words of a law must be given their generally prevailing meaning. LSA-C.C. art. 11.
In light of these provisions, we note that the constitutional article does not define the term "fraternal." Furthermore, we have been unable to find any statutory or jurisprudential authority defining "fraternal" in the context of this constitutional provision.[2] Thus, we must look elsewhere for the "generally prevailing meaning" of the term.
The term "fraternal" is defined in Black's Law Dictionary, 594 (5th ed.1979) as "[b]rotherly; relating or belonging to a fraternity or an association of persons formed for mutual aid and benefit, but not for profit." The term "fraternity" is further defined in Webster's II New College Dictionary, 485 (1995) as "[a] body of people associated for a common interest or purpose" and "[a] group of people united by similar backgrounds, interests, or occupations."
In light of these definitions, it is clear that SFCC is operated exclusively for fraternal purposes. SFCC is a body of people associated for mutual benefit or for a common interest or purpose, but not for profit. It is true that some of the activities that take place at SFCC, such as golf or tennis, are recreational in nature;[3] however, such a characterization does not preclude these activities from also being fraternal in nature, as they are activities shared by a group of people associated for a common interest or purpose. Moreover, other activities, such as dining with friends at the country club's restaurant or sitting by the swimming pools, are clearly fraternal, but they cannot be considered recreational, as that term is generally understood.
After a de novo review of the record, we find no error in the judgment of the trial court. Accordingly, the judgment of the trial court is affirmed. All costs of this appeal in the amount of $591.00 are assessed to Brian Wilson, in his capacity as Assessor for East Baton Rouge Parish.
AFFIRMED.
NOTES
[1] Prior to filing an answer to the petition, Sheriff Litchfield filed a peremptory exception raising the objections of no right of action, no cause of action, and prescription. The exception was originally set for hearing on April 24, 2006; however, the matter was passed and reassigned for hearing on May 22, 2006. There is no indication in the record that the exception was ever addressed, and those issues are not before this court. Sheriff Litchfield has not appealed the judgment of the trial court or filed a brief in this court.
[2] The meaning of the term "fraternal organization" was addressed in Cole-Miers Post 3619 V.F.W. of Deridder v. State, Department of Revenue & Taxation, Office of Alcoholic Beverage Control, 98-1879 (La.App. 3 Cir. 7/14/99), 747 So.2d 598, reversed on other grounds, 99-2215 (La.1/19/00), 765 So.2d 312. In that case, the third circuit looked to Black's Law Dictionary (4th ed. 1951) to determine the meaning of the term "fraternal organization" within the context of LSA-R.S. 26:81(E), which exempted fraternal organizations from certain prohibitions concerning the issuance of liquor licenses. In reliance on Black's Law Dictionary, the third circuit determined that the plaintiff qualified as a "fraternal organization" within the meaning of the statute. Cole-Miers, 98-1879 at pp. 5-6, 747 So.2d at 601-602.
[3] The term "recreation" is defined in Webster's II New College Dictionary, 927 (1995) as "[r]efreshment of one's mind or body after work through an amusing or stimulating activity." The entry goes further to explain that recreation "implies something that restores one's strength, spirits, or vitality."